UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MDL NO. 1430

MASTER FILE NO. 01-CV-10861-RGS

IN RE: LUPRON® MARKETING AND
SALES PRACTICES LITIGATION

ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT,
CERTIFYING CLASS FOR PURPOSES OF SETTLEMENT,
DIRECTING NOTICE TO THE CLASS AND
SCHEDULING FAIRNESS HEARING

November 24, 2004

STEARNS, D.J.

This litigation was instituted by a consortium of patients, health care plans, and insurers seeking damages arising from an alleged scheme orchestrated by TAP Pharmaceutical Products, Inc. (TAP) to artificially inflate the price to consumers of the drug Lupron®.[1]  The plaintiffs' Consolidated Class Action Complaint is grounded on the civil provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962.[2]  Plaintiffs also assert claims under state consumer protection statutes.[3]

---

[1]Lupron®, the trade name for leuprolide acetate, is principally used in the treatment of prostrate cancer.  It is also effective in the treatment of endometriosis, central precocious puberty, and uterine fibroid preoperative anemia.

[2]The factual allegations and legal basis underlying the Consolidated Class Action Complaint are set out at length in In re: Lupron® Marketing and Sales Practices Litigation, 295 F. Supp. 2d 148 (D. Mass. 2003).

[3]William Porter filed the initial action in this case in the District of Massachusetts on May 18, 2001. As is apparent from the caption of the case, the lawsuit consists of independent actions filed in various federal district courts that were consolidated with the



This matter is now before the court pursuant to a Joint Motion for Preliminary Approval of Proposed Settlement, Certification of Class for Purposes of Settlement, and Approval of Form and Manner of Notice (the "Motion"). As I indicated would be likely at the conclusion of yesterday's hearing, I am allowing the Motion. I am also adopting the MDL parties' proposed Order.[4] I add this brief introduction to explain my reasons for doing so.

As the *Manual for Complex Litigation* Fourth (2004) notes, the certification of a settlement class can provide significant benefits to class members while enabling defendants to achieve an expedited and final resolution of multiple suits. At the same time, the nature of the settlement certification process can "sometimes make meaningful judicial review more difficult and more important." Id. at § 21.612. As the *Manual* observes, a case settled prematurely, without sufficient discovery or testing in an adversarial context, may be next to impossible to assess in terms of the strengths and weaknesses of the parties' claims and defenses, the appropriate definition of the class, and the adequacy of the proposed settlement.

A preliminary approval of a class settlement is a significant litigation event. As Judge Becker observes, "when the court finds that: (1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected," a

Porter action in this court by the Multi-District Litigation Panel.

[4]At the preliminary approval stage, the judge must either approve or disapprove the proposed settlement. He cannot rewrite the agreement. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998).

2

presumption of fairness attaches to the court's determination. In re Gen. Motors Corp. Pick-Up Truck Fuel Tanks Products Liab. Litig., 55 F.3d 768, 785 (3d Cir. 1995).

I am satisfied that the negotiations in this case have been conducted at arm's length and that the proposed settlement is free of any hint of collusion. Counsel involved on both sides of the MDL proceeding are honorable litigators devoted to the interests of their clients. The case has been vigorously contested from its inception, as evidenced by the number of decisions that have emanated from this court and the Court of Appeals addressing disputes over jurisdiction, discovery, and substantive law. Discovery has proceeded for three years and has involved at least two score depositions and the production and analysis of hundreds of thousands of pages of documents. Counsel are among the most experienced lawyers the national bar has to offer in the prosecution and defense of significant class actions.

Two groups of actual or potential class members have voted on the adequacy of the settlement, the Settling Health Plans and the Third Party Payers. These represent the vast majority of affected plaintiffs among their type. They are sophisticated entities who were separately represented by experienced counsel during the settlement negotiations. They have come to the collective conclusion that the settlement adequately compensates their own damages. What cannot be predicted with absolute certainty is the adequacy of the amount allocated for the compensation of individual purchasers of Lupron® (the consumer class). I see no practical way to ascertain the fairness of the proposed settlement to the consumer class other than by proceeding with conditional class certification and giving notice with the opportunity for its members to opt in or out of the settlement.

3

The proposed settlement has not, from the court's vantage point, materialized out of thin air. Shortly after the parties achieved the agreement in principle reflected in the October 11, 2004 Memorandum of Understanding, a copy was provided to the court. The court has since been regularly apprised of the progress of the negotiations.

As the attorneys for the Intervenors properly caution,[5] the court owes absent class members, principally the members of the consumer class, a fiduciary responsibility to insure that their interests are adequately protected. For purposes of conditional certification, I am satisfied that with respect to the absent class members, the proposed settlement amount is sufficiently within the range of reasonableness. In this regard, I have considered the expert declaration of Raymond Hartman and the consensus of the TTP and SHP plaintiffs that the settlement amount (at least as to them) is adequate. I have further considered the fact that many of the members of the consumer class are ill and/or elderly and therefore have an interest in seeing the litigation concluded sooner rather than later. And finally, I have considered the candid assessment offered by the attorneys for the Intervenors that if the case were to be taken to trial, while there is a prospect of winning a larger award, there is also a 50 percent likelihood that the case will be lost in its entirety.

I stress that the certification is a conditional one. If the expectation that the proposed settlement is fair insofar as the consumer class is concerned proves unfounded,

---

[5]The *Manual* properly warns that once an agreement to settle is reached the adversariness of the litigation is often lost. As an offsetting influence in this case, the court has permitted the attorneys who have elected to pursue independent state actions against the TAP defendants in New Jersey and North Carolina to enter appearances to represent the Intervenors. These attorneys have provided a critical evaluation, both orally and in briefs, of the proposed settlement.

4

it is open to the court, after the scheduled fairness hearing, to reject it, or to impose conditions. As the Eight Circuit Court of Appeals observed in Liles v. Del Campo, 350 F.3d 742, 746 (8th Cir. 2002), a preliminary approval of a settlement and a conditional certification of a settlement class does not dispose of the litigation as significant hurdles must be met and cleared if a final settlement is to be approved.

### ORDER

The terms of the Class Agreement dated November 15, 2004, including all attached Exhibits, are preliminary approved, subject to the court's further consideration at the Fairness Hearing. This Order incorporates the Class Agreement.[6]

I find that the Class Agreement between the plaintiffs and defendants was entered into at arm's-length by experienced counsel for the parties to the Class Agreement and only after extensive arm's-length negotiation with counsel for certain Third Party Payors who have executed a separate settlement agreement with defendants (the "SHP Group"). The court finds that the settlement embodied in the Class Agreement (the "Settlement") is sufficiently within the range of reasonableness so that notice of the Settlement should be given as subsequently set out in this Order.

The court preliminary finds that the proposed nationwide Lupron® Purchaser Class, for the purpose of this Settlement only, meets all the applicable requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure,[7] and hereby conditionally certifies the

---

[6]Unless otherwise provided herein, the terms defined in the Class Agreement shall have the same meanings.

[7]The court notes that at the time it was notified of the settlement discussions, the issue of class certification had been fully briefed and argued and that the court was well

5

following nationwide Class for settlement purposes only:

> All individual persons or entities who, during the Class Period, made Lupron ® Purchases. Excluded from the class are the Settling Health Plans; Defendants, their respective present and former, direct and indirect, parents, subsidiaries, divisions, partners and affiliates; and the United States government, its officers, agents, agencies and departments, and all other government entities' claims, to the extent that they previously released their claims pursuant to the 2001 Settlement Agreement and Release resolving the matter of *United States of America v. TAP Pharmaceutical Products, Inc.* (D. Mass.) and related litigation.

This includes all individual Consumers and Third Party Payors as those terms are defined in the Class Agreement. If the Class Agreement is terminated or is not consummated for any reason whatsoever, the certification of the nationwide Lupron ® Purchaser Class shall be void, and Plaintiffs and Defendants shall be deemed to have reserved all of their rights to propose or oppose any and all class certification issues.

The Court preliminarily finds that the following Plaintiffs are adequate and appropriate representatives of the nationwide Lupron ® Purchaser Class, for settlement purposes only:

(a)  William Porter

(b)  the Estate of William Brickey

(c)  the Estate of Carl Goetting

(d)  Beacon Healthplans, Inc.

(e)  Twin Cities Bakery Workers Health and Welfare Fund

---

on its way towards issuing a written determination of the propriety of certifying a nationwide class.

6

Also the Court preliminarily finds that the following attorneys fairly and adequately

represent the interests of the nationwide Lupron ® Purchaser Class and hereby appoints

them as class counsel pursuant to Rule 23(g) for settlement purposes only:

Thomas M. Sobol
HAGENS BERMAN, LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Jeffrey L. Kodroff
SPECTOR ROSEMAN & KODROFF
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Lisa M. Mezzetti
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W., Suite 500 West Tower
Washington, DC 20005

Joseph R. Saveri
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Robert Foote
FOOTE MEYERS MIELKE & FLOWERS
416 South Second Street
Geneva, IL 60134

<u>Notice to Potential Class Members</u>

The Court has reviewed and approves the notice plan.  <u>See</u> <u>Sobol</u> Aff. Ex. A.  On

or before January 7, 2005, Class Settlement Counsel shall cause copies of the Summary

Notice, substantially in the form attached as Ex. 2, and the Third-Party Payor Proof of

Claim Form attached as Ex. 3, to be mailed by first-class mail, postage pre-paid, to all TPP

Class Members, to the extent that they can be identified with reasonable diligence or who

7

have requested a copy. By the same date, January 7, 2005, Class Settlement Counsel shall cause copies of the detailed Settlement Notice, set forth as Ex. 1 (the "Long-Form Notice") and the Consumer Claim Form, attached as Ex. 4, to be mailed by first class mail to all Consumer Class Members who have requested a copy as set forth in the Notice Plan and to all Consumer Class Members who brought claims or excluded themselves from other Lupron® class actions. All members of the nationwide Lupron® Purchaser Class shall be directed to review a copy of the Long-Form Notice. The Long Form Notice shall be published on the website established in accordance with the Notice Plan and Class Settlement Counsel shall cause a copy of the Long-Form Notice to be mailed to any Lupron® Purchaser Class Member upon request.

On or before January 2, 2005, Class Settlement Counsel shall: (a) cause the Summary Notice of Pendency of Class Action, Proposed Settlement and Fairness Hearing (the "Summary Notice") in the form attached as Ex. 2 to be published in accordance with the Notice Plan; (b) cause the detailed Settlement Notice, Summary Notice, the Class Agreement and all claim forms and instructions thereto to be published on the website established for purposes of this Settlement; and (c) otherwise implement the Notice Plan. On or before February 15, 2005, Class Settlement Counsel shall serve and file or cause to be served and filed a sworn statement attesting to compliance with the provisions of paragraphs 5 through 7 of this Order.

The Court appoints Complete Claim Solutions, Inc. as the Claims Administrator. Responsibilities of the Claims Administrator shall include the following: (a) establishing a post office box and toll-free phone number (to be included in the Long Form Notice and

8

the Summary Notice (together, the "Notices" to the Class)) for purposes of communicating with nationwide Lupron ® Purchaser Class members; (b) coordinating with Hilsoft Notifications to establish and maintain a website for purposes of posting the Notices, the Class Agreement and related documents; (c) accepting and maintaining documents sent from nationwide Lupron® Purchaser Class members and members of the SHP Group, including claim forms, exclusion requests and other documents relating to claims administration; and (d) administering claims for the allocation of the settlement funds among nationwide Lupron ® Purchaser Class Members and the SHP Group.

After review of the proposed Notice Plan designed by Hilsoft Notifications, the Court approves the expenditure of actual notice and administrative costs reasonably incurred for the purpose of providing notice to the nationwide Lupron ® Purchaser Class in accordance with the Notice Plan and in connection with the administration of this Settlement. The Escrow Agent is directed to pay such costs upon approval by Class Settlement Counsel and Defendants. The notice to be provided as set forth in this Order (the "Notice Provisions") is hereby found to be the best practicable notice under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

### Requests for Exclusion from the Lupron ® Purchaser Class

Any member of the nationwide Lupron® Purchaser Class who wishes to be excluded from the nationwide Lupron® Purchaser Class shall mail a written notice of

9

exclusion to the Claims Administrator, so that it is received no later than April 1, 2005, and

clearly state the following: the name, address, taxpayer identification number, telephone

number and fax number (if any) of the individual or entity that wishes to be excluded from

the nationwide Lupron ® Purchaser Class as well as the time period during which the class

member made Lupron® Purchases. For Third Party Payors, the notice of exclusion must

also include a signed certification containing the following language:

> The undersigned individual hereby represents that he/she has authority to
> sign and submit this notice of exclusion on behalf of the above-named class
> member.

> The undersigned also certifies that he/she has not received any advice
> from the parties to this litigation or their attorneys concerning his/her
> or the class member's fiduciary obligations under the Employee
> Retirement Income Security Act of 1974, 29 U.S.C. § 1100, et seq., or
> other laws governing their obligations to any class member. The
> undersigned understands that by submitting this notice of exclusion,
> the class member identified above will not be entitled to receive any
> proceeds of the Class Settlement Fund. By affixing my signature
> below, I certify under penalty of perjury that the foregoing is true and
> correct. 28 U.S.C. § 1746.

If the person providing a certification in the notice of exclusion is not a duly

authorized officer, director or employee of the TPP Class Member requesting exclusion (if

a corporation), or a general partner or duly authorized employee of the TPP Class Member

requesting exclusion (if a partnership), he/she must attach written evidence of the TPP

Class Member's grant of authority to him/her to execute the notice of exclusion on its

behalf. In addition, for purposes of implementing the Class Agreement, including *inter alia*

1) the calculation of the amount of the TAP Refund (as described in the Class Agreement),

2) the SHP Group Reversion Amount, and 3) whether the termination contingency

10

referenced in the Class Agreement has been met, each TPP Class Member requesting exclusion shall be required to set forth in the Exclusion Form the amounts paid for Lupron ® during the 2000 through 2001 time period.

Class Opt-Outs shall not be bound by the Class Agreement, the Settlement, or the Final Order and Judgment. Upon receipt, the Claims Administrator shall promptly provide copies of each notice of exclusion to Class Settlement Counsel and Defendants' Counsel. However, any member of the nationwide Lupron® Purchaser Class that does not properly and timely mail a notice of exclusion as set forth above shall be automatically included in the nationwide Lupron® Purchaser Class and shall be bound by all the terms and provisions of the Class Agreement and the Settlement and the Final Order and Judgment, whether or not such member of the nationwide Lupron® Purchaser Class shall have objected to the Settlement and whether or not such member of the nationwide Lupron® Purchaser Class makes a claim upon or participates in the Class Settlement Fund.

### Proofs of Claim

To effectuate the Settlement and the provisions of the Notice Plan, the Claims Administrator shall be responsible for the receipt of all notices of exclusion and proofs of claim. The Claims Administrator shall preserve (on paper or transferred into electronic format) all notices of exclusion, proofs of claim, and any and all other written communications from members of the nationwide Lupron® Purchaser Class in response to the notices for a period of five (5) years, or pursuant to further order of the Court. All written communications received by the Claims Administrator from members of the Lupron® Purchaser Class relating to the Class Agreement shall be available at all

reasonable times for inspection and copying by Class Settlement Counsel and Defendants' Counsel, until payments are mailed to each Class Member.

In order to be entitled to participate in the Settlement if it is effected in accordance with all of the terms and conditions set forth in the Class Agreement, each member of the nationwide Lupron® Purchaser Class shall take the following actions and be subject to the following requirements:

(a) A nationwide Lupron® Purchaser Class Member who wishes to receive a distribution from the Class Settlement Fund must mail a properly executed proof of claim (either a TPP proof of claim or a consumer proof of claim, whichever is appropriate (collectively, a "Proof of Claim")) to the Claims Administrator at the address indicated in the notice, to be postmarked on or before May 15, 2005. If such Proof of Claim is transmitted in any manner other than the United States Postal Service, it shall be deemed to have been submitted when actually received by the Claims Administrator and must be received by the Claims Administrator no later than May 15, 2005.

(b) Each Proof of Claim must satisfy the following conditions: (i) the Proof of Claim must be properly completed in accordance with the instructions thereon and submitted in a timely manner in accordance with subparagraph (a) of this paragraph; (ii) the Proof of Claim must be signed and certified under penalty of perjury; (iii) if the person executing the Proof of Claim is acting in a representative capacity, certification of such person's authority to act on behalf of the claimant must be furnished with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein;

12

(c) Each Consumer Proof of Claim shall be accompanied by evidence of payment for Lupron® as called for in the Consumer Proof of Claim attached as an Exhibit to the Notice Plan. Consumer Class Members shall be required to certify 1) the time period over which they, or the Consumer Class Member on whose behalf they are submitting a Proof of Claim, took or were administered Lupron® and 2) the total out-of-pocket payments for Lupron® (including any co-pay or cash payments therefore) net of any reimbursements from insurers or any other source during the Class Period. In addition, Consumer Class Members shall be required to provide ONE of the following as evidence of payment for Lupron® during the Class Period:

(i)  a copy of a single written prescription for Lupron® during the Class Period;

(ii)  a copy of a single receipt evidencing payment of a co-pay or cash payment for Lupron® during the Class Period;

(iii) a single EOB (explanation of benefits) form from an insurer or other health plan evidencing a co-pay or cash payment for Lupron® during the Class Period;

(iv)  a single cancelled check evidencing payment of a co-pay or cash payment for Lupron® during the Class Period;

(v)  a letter from the Consumer Class Member's physician stating that the consumer was administered Lupron® and paid a co-pay or cash payment therefore and stating the amount paid during the Class Period; or

(vi)  a notarized statement indicating that Consumer Class Member paid a co-pay or cash payment for Lupron® during the Class Period and setting forth the total out-

13

of-pocket payments for Lupron® during the Class Period.

(d) Each TPP Proof of Claim shall be accompanied by evidence of payment as called for in the TPP Proof of Claim attached as an exhibit to the Notice Plan. Each TPP Class Member and or SHP Group Member shall be required to certify the total expenditures for Lupron® during the calendar years 2000 and 2001 net of any co-pays, reimbursements, discounts or rebates received for Lupron® during these years. Any TPP Proof of Claim, including any Proof of Claim submitted by an SHP member, which claims a total net expenditure for Lupron ® of $300,000.00 or more during the calendar year 2000-01 time period shall also be accompanied by electronic evidence of payment in the form attached to the TPP Proof of Claim or such other evidence as is acceptable to the Claims Administrator. Any TPP Proof of Claim that claims a total net expenditure for Lupron® of less than $300,000.00 shall not need to be accompanied by electronic evidence of payment to be considered by the Claims Administrator (although such information may be requested by the Claims Administrator);

(e) Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who shall make a recommendation to Class Settlement Counsel about which claims should be allowed in whole or in part;

(f) The Claims Administrator will notify each member of the nationwide Lupron® Purchaser Class that filed a Proof of Claim of any recommendation of disallowance, in whole or in part, of the Proof of Claim submitted by such nationwide Lupron® Purchaser Class Member and will set forth the reasons for any such disallowance. Lupron® Purchaser Class Members shall be permitted a reasonable period

14

of time to cure once any deficiency with respect to their respective Proofs of Claim is identified. A copy of such notification shall also be sent by the Claims Administrator to Class Settlement Counsel. The Claims Administrator shall apply the same process described in this paragraph to the claims submitted by members of the SHP Group for payment from the TPP Settlement Pool in accordance with the Class Agreement;

(g) All members of the nationwide Lupron® Purchaser Class that do not submit timely Proofs of Claim, or submit Proofs of Claim that are disallowed and not cured, shall be barred from participating in the Class Settlement Fund (except to the extent that a Proof of Claim may be partially allowed) but otherwise shall be bound by all of the terms and provisions of the Class Agreement; and

(h) Each member of the Lupron® Purchaser Class that submits a Proof of Claim shall thereby expressly submit to the jurisdiction of the Court with respect to the claims submitted and shall (subject to final approval of the Settlement) be bound by all the terms and provisions of the Class Agreement.

### Claims Process

The total expenditure for Lupron® during the Class Period claimed by each Consumer Class Member on the Consumer Proof of Claim as verified and accepted by the Claims Administrator shall be multiplied by a factor of .30 in order to calculate the Consumer's "Recognized Claim". This calculation is Plaintiffs' approximation for purposes of settlement of the measure of the alleged inflation of the price paid for Lupron® by Consumer Class Members. A minimum payment to Consumer Class Members shall be

15

recommended to the Court by Class Settlement Counsel at the final Fairness Hearing based upon the number and magnitude of the claims filed by Consumer Class Members. Any Consumer Class Member whose Recognized Claim falls below the minium payment as set by the Court at the Fairness Hearing will receive the minimum payment in lieu of his/her recognized claim. The Court recognizes the importance of having a minimum payment in order to encourage Consumer Class Members to file Proofs of Claim and hereby authorizes Class Settlement Counsel to represent in the Notices that based on an analysis of the potential claims by Consumer Class Members, a minimum payment of $100.00 or more is anticipated.

If the total of all payments to all Consumer Class Members (the total of all Recognized Claims plus minimum payments where applicable) is less than the Net Consumer Settlement Pool, all Consumer Class Members will be paid up to 100% of their Recognized Claim or the minimum payment as set by the Court at the Fairness Hearing, whichever is larger. Any remaining funds in the Net Consumer Settlement Pool, after distribution to Consumer Class Members in accordance with the Class Agreement, shall be subject to distribution at the discretion of this Court. If the total of all payments to Consumer Class Members (the total of all Recognized Claims plus minimum payments where applicable) would equal or exceed the Net Consumer Settlement Pool, all consumers shall share *pro rata* in the Net Consumer Settlement Pool in proportion to the size of their Recognized Claim.

The total expenditure for Lupron ® during the Class Period claimed by each TPP Class Member or SHP Group Member on the TPP Proof of Claim, as verified and accepted

16

by the Claims Administrator, shall be considered the "Recognized Claim" for each TPP Class Member. Each TPP Class Member shall share pro rata in the Net TPP Settlement Pool (which is net of payment of the SHP Group Reversion Amount and the TAP Refund as set forth in the Class Agreement) in proportion to the size of their Recognized Claim.

### Confidentiality

Any information received by the Claims Administrator in connection with this Settlement that pertains to a particular member of the nationwide Lupron ® Purchaser Class or to the SHP Group, or information submitted in conjunction with a notice of exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any other person or entity other than Class Settlement Counsel, Defendants' Counsel, and the Court, or as otherwise provided in the Class Agreement.

### The Fairness Hearing

A hearing on final settlement approval (the "Fairness Hearing") will be held on April 13, 2005 at 2:30 p.m. before this Court, in Courtroom 21 at the John Joseph Moakley Courthouse, United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210, to consider the following: (a) whether the nationwide Lupron® Purchaser Class should be finally certified, for settlement purposes only; (b) the fairness, reasonableness and adequacy of the Settlement, the dismissal with prejudice of the Lupron® MDL Actions as to the Defendants, and the entry of final judgment; (c) whether Class Counsel's application for attorneys' fees, expenses and incentive awards for the Class Representatives and any other appropriate parties or the application for fees and expenses of any other counsel involved in any Lupron® Pricing Litigation ("the Fee

17

Petition") should be granted; and (d) whether to approve the proposed plan of allocation and distribution. On or before April 6, 2005, Class Settlement Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Settlement; and (ii) any Fee Petition.

Any member of the nationwide Lupron® Purchaser Class that has not filed a notice of exclusion in the manner set forth above may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement, the dismissal with prejudice of the Lupron® MDL Actions as to Defendants, the entry of final judgment, and/or the Fee Petition; provided, however, that no person shall be heard in opposition to the Settlement, dismissal and/or entry of final judgment or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless submitted to the Court and served upon Counsel for the parties on or before March 15, 2005. Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition on or before March 15, 2005, and (b) serve copies of such notice, statement and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all Counsel to the parties on or before March 15, 2005. Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

18

Counsel for the parties who must be served with all such documentation are as follows:

Counsel for nationwide Lupron ® Purchaser Class

Thomas M. Sobol
HAGENS BERMAN, LLP
One Main Street, 4th floor
Cambridge, MA 02142

David Stellings
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024

Counsel for Defendants

Daniel E. Reidy
James R. Daly
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL 60601-1692
Counsel for TAP Pharmaceutical Products Inc.

George C. Lombardi
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Counsel for Abbott Laboratories

Thomas P. Sullivan
Jeffrey D. Colman
JENNER & BLOCK LLP
One IBM Plaza
41st Floor
Chicago, IL 60611
Counsel for Takeda Pharmaceutical Company Limited

The date and time of the Fairness Hearing shall be set forth in the Notice and

Summary Notice, but shall be subject to adjournment by the Court without further notice

19

to the members of the Class other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the Notice Plan.

Any Lupron® Purchaser Class member may hire an attorney at his or her or its own expense to appear in the action. Such attorney shall serve a Notice of Appearance on Attorney Thomas Sobol at the address listed above by March 15, 2005 and file it with the Court on or before March 15, 2005.

All discovery and other pretrial proceedings in the Lupron® MDL Actions among the parties are stayed and suspended, pending the Effective Date of the Settlement ("Final Approval"), except such proceedings as are provided for in the Class Agreement, or which may be necessary to implement the terms of the Class Agreement, the Settlement, or this Order.

Pending Final Approval, no nationwide Lupron® Purchaser Class Member, either directly, representatively, or in any other capacity (other than a Lupron® Purchaser Class Member who validly and timely elects to be excluded from the Class), shall commence, continue or prosecute against any or all Releasees any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released upon Final Approval pursuant to the Class Agreement, and are hereby enjoined from so proceeding. Upon Final Approval, all Lupron® Purchaser Class Members that do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Class Agreement, and any such Lupron® Purchaser Class Member shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Class Agreement.

20

The Court hereby approves the terms of the Escrow Agreement as submitted by the parties. The Court preliminarily approves the allocation and distribution of the Class Settlement Fund, as described in this Agreement.

Upon Final Approval, each and every term and provision of the Class Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

In the event the Settlement is terminated in accordance with the provisions of the Class Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Class Agreement, and without prejudice to the rights of Plaintiffs and Defendants.

Neither this Order nor the Class Agreement shall constitute any evidence or admission of liability by any Defendant, or an admission regarding the propriety of any certification of any particular class for purposes of litigation, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Class Agreement or the terms of this Order, or by any Releasee in connection with any action asserting Released Claims.

SO ORDERED.

s/ Richard G. Stearns

UNITED STATES DISTRICT JUDGE

21