IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **BLUECROSS AND BLUESHIELD OF ALABAMA; AND BLUECROSS AND BLUESHIELD OF MICHIGAN,** | ) ) ) ) | |
| **Plaintiff,** | ) | CIVIL ACTION NUMBER: |
| vs. | ) ) | 2:06-cv-536-DRB |
| **TAP PHARMACEUTICAL PRODUCTS INC., et al.,** | ) ) | |
| **Defendants.** | | |

### ANSWER OF AMERISOURCEBERGEN CORPORATION TO FIRST AMENDED COMPLAINT

AmerisourceBergen Corporation ("AmerisourceBergen") responds as follows to the First Amended Complaint of plaintiffs:

All allegations not specifically admitted are denied. All defenses are reserved. In response to the specific allegations of the First Amended Complaint AmerisourceBergen states as follows:

1. To the extent any response is required, denied.

2. This defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 2 of the First Amended Complaint and the same are denied.

3. Denied.

4. To the extent any response is required, denied.

5. To the extent any response is required, denied.

6-28. This defendant lacks knowledge sufficient to admit or deny the allegations of paragraphs 6-28 of the First Amended Complaint and the same are denied. The cited exhibits speak for themselves.

29. To the extent any response is required, denied.

30. It is admitted that BCBS Alabama is a corporation organized under the laws of the State of Alabama, licensed to do business in the State of Alabama, with its principal place of business in Birmingham, Alabama. This defendant lacks knowledge sufficient to admit or deny the remaining allegations of paragraph 30 of the First Amended Complaint and the same are denied.

31-32. This defendant lacks knowledge sufficient to admit or deny the allegations of paragraphs 31-32 of the First Amended Complaint and the same are denied.

33. Upon information and belief, BCBS Michigan is a corporation organized under the laws of the State of Michigan with its principal place of business in Detroit, Michigan. This defendant lacks knowledge sufficient to admit or deny the remaining allegations of paragraph 33 of the First Amended Complaint and the same are denied.

34-36. This defendant lacks knowledge sufficient to admit or deny the allegations of paragraphs 34-36 of the First Amended Complaint and the same are denied.

37. This defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 37 of the First Amended Complaint and the same are denied, except that it is admitted that Abbott is a corporation with its principal place of business in Abbot Park, Illinois.

38. This defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 38 of the First Amended Complaint and the same are denied, except that it is admitted that Takeda Pharmaceutical Company Limited is a Japanese corporation with its principal place of business in Osaka, Japan.

39. This defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 39 of the First Amended Complaint and the same are denied.

40. This defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 40 of the First Amended Complaint and the same are denied, except that it is admitted that Takeda America Holdings, Inc. is a New York corporation with its principal place of business in New York, New York.

41. This defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 41 of the First Amended Complaint and the same are denied, except that it is admitted that TAP Pharmaceutical Products, Inc. is a Delaware corporation with its principal place of business in Lake Forest, Illinois.

42. This defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 42 of the First Amended Complaint and the same are denied.

43. AmerisourceBergen's principal place of business is in Pennsylvania. The remaining allegations of paragraph 43 are denied.

44-47. This defendant lacks knowledge sufficient to admit or deny the allegations of paragraphs 44-47 of the First Amended Complaint and the same are denied.

48. Denied.

49. It is admitted that the amount in controversy exceeds $10,000. It is denied that the Circuit Court of Montgomery County, Alabama has subject matter jurisdiction over this case.

50. Denied.

51. To the extent any response is required, denied.

52. Denied.

53. This defendant is without knowledge sufficient to admit or deny that allegations of paragraph 53 of the First Amended Complaint and the same are denied.

54-55. Denied.

56-59. This defendant lacks information sufficient to admit or deny the allegations of paragraphs 56-59 of the First Amended Complaint and the same are denied.

60. Upon information and belief, admitted.

61. This defendant lacks information sufficient to admit or deny the allegations of paragraph 61 of the First Amended Complaint and the same are denied.

62. To the extent any response is required by this defendant, denied, except that documents describing the scope and operation of Medicare Part B speak for themselves.

63. To the extent any response is required by this defendant, denied, except that 42 C.F.R. § 405.517 speaks for itself.

64. To the extent any response is required by this defendant, denied, except that documents describing the scope and operation of Medicare Part B speak for themselves.

65. Denied.

66. Denied, except that any documents relating to changes to Medicare Part B speak for themselves.

67-70. Denied, except that any documents relating to changes to Medicare Part B speak for themselves.

71. The referenced document speaks for itself. All other allegations of paragraph 71 of the First Amended Complaint are denied.

72. This defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 72 and the same are denied.

73-102. Denied.

103-105. This defendant is without knowledge sufficient to admit or deny the allegations of paragraphs 103-105 of the First Amended Complaint and the same are denied.

106-119.    Denied.

120-147.    This defendant lacks knowledge sufficient to admit or deny the allegations of paragraphs 120-147 of the First Amended Complaint and the same are denied, except that the referenced documents speak for themselves.

148-151.    Denied.

152.    Please see the responses to the respective paragraphs, which are adopted as if fully set out herein.

153-166.    Denied.

167.    Please see the responses to the respective paragraphs, which are adopted as if fully set out herein.

168.    Ala. Code § 8-19-3(3) does not define persons. Ala. Code § 8-19-10 speaks for itself. Otherwise, denied.

169-173    Denied.

174-180.    This defendant lacks knowledge sufficient to admit or deny the allegations of paragraphs 174-180 of the First Amended Complaint and the same are denied.

181-182.    Denied.

183.    This defendant is without knowledge sufficient to admit or deny the allegations of paragraph 183 of the First Amended Complaint and the same are denied.

184.    Denied.

185.    Please see the responses to the respective paragraphs which are adopted as if fully set out herein.

186.    Denied.

187. This defendant is without knowledge sufficient to admit or deny the allegations of paragraph 187 of the First Amended Complaint and the same are denied.

188-190. Denied.

191. Please see the responses to the respective paragraphs, which are adopted as if fully set out here.

192-194. Denied.

195. This defendant is without knowledge sufficient to admit or deny the allegations of paragraph 195 of the First Amended Complaint and the same are denied.

196-197. Denied.

This defendant further denies that plaintiffs are entitled to any of the relief to which they assert a claim in the wherefore clause of the First Amended Complaint.

### First Affirmative Defense

The First Amended Complaint fails to state a claim against this defendant upon which relief may be granted.

### Second Affirmative Defense

The First Amended Complaint and the claims therein are barred, in whole or in part, by the applicable statutes of limitations or repose.

### Third Affirmative Defense

Plaintiffs lack standing.

### Fourth Affirmative Defense

The plaintiffs' claims are barred in whole or in part by the parol evidence rule.

### Fifth Affirmative Defense

The plaintiffs' claims are barred in whole or in part by the statute of frauds.

### Sixth Affirmative Defense

The Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

### Seventh Affirmative Defense

Plaintiffs' statutory claims are barred by their failure to comply with pre-suit statutory requirements.

### Eighth Affirmative Defense

Plaintiffs are not the real parties in interest.

### Ninth Affirmative Defense

Plaintiffs fail to state with particularity facts required to support their claims of fraud, as required by Alabama Rule of Civil Procedure 9(b) and Federal Rule of Civil Procedure 9(b).

### Tenth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because Plaintiffs' alleged injuries and damages were not legally or proximately caused by any acts or omissions of this Defendant and were caused, if at all, by the conduct of Plaintiffs or other parties.

### Eleventh Affirmative Defense

Plaintiffs' claims against this Defendant for damages are barred, in whole or in part, by the doctrines of consent and ratification, accord and satisfaction, waiver, estoppel, or laches.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

### Thirteenth Affirmative Defense

Plaintiffs' claims are preempted, in whole or in part, by federal law.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they violate this Defendant's rights under the Due Process and Ex Post Facto clauses of the United States Constitution, as well as all applicable state constitutions, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Fifteenth Affirmative Defense

To the extent that Plaintiffs attempt to seek equitable relief against this Defendant, Plaintiffs are not entitled to such relief because Plaintiffs have or had an adequate remedy at law.

### Sixteenth Affirmative Defense

Plaintiffs' claims for equitable relief against this Defendant are barred by the doctrines of in pari delicto or unclean hands.

### Seventeenth Affirmative Defense

Plaintiffs' claims against this Defendant are barred, in whole or in part, by their failure to join indispensable parties.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

### Nineteenth Affirmative Defense

This Defendant did not owe any duty to the Plaintiffs and did not breach any duty owed to Plaintiffs.

### Twentieth Affirmative Defense

Plaintiffs' unjust enrichment claims are barred, in whole or in part, because this Defendant did not retain any money belonging to Plaintiffs.

### Twenty-First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised their claims.

### Twenty-Second Affirmative Defense

This Defendant is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiffs with respect to the same alleged injuries.

### Twenty-Third Affirmative Defense

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The Alabama system affords juries standardless discretion to impose unlimited punishment and review of such awards is constitutionally deficient. Alabama post-verdict review is neither meaningful, consistent, nor constitutionally adequate to cure this crucial constitutional defect.

### Twenty-Fourth Affirmative Defense

Plaintiffs' claims against this Defendant are barred, in whole or in part, because the Plaintiffs failed to mitigate or neglected to minimize their damages.

### Twenty-Fifth Affirmative Defense

Plaintiffs have not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of this Defendant as alleged.

### Twenty-Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because any injuries sustained by Plaintiffs were the result of their own conduct or the intervening or superseding conduct of third parties.

### Twenty-Seventh Affirmative Defense

Any damages recovered by Plaintiffs from this Defendant must be limited by the applicable statutory ceilings on recoverable damages, including, without limitation, Alabama Code § 6-11-21, and in the spirit of the Alabama Supreme Court's decision in <u>Oliver v. Towns</u>, 738 So. 2d 798 (Ala. 1999).

### Twenty-Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of contributory or comparative fault because Plaintiffs' own actions or failures to act helped bring about any injuries sustained.

### Twenty-Ninth Affirmative Defense

Some or all of Plaintiffs' claims are barred under the voluntary payment doctrine.

### Thirtieth Affirmative Defense

Plaintiffs' claim are barred, in whole or in part, by the failure to exhaust applicable administrative remedies.

### Thirty-First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of implied waiver, mistake and mutual mistake.

### Thirty-Second Affirmative Defense

Some or all causes of action in Plaintiffs' First Amended Complaint are barred because of the lack of privity between the Plaintiffs and this Defendant.

### Thirty-Third Affirmative Defense

The lack of particularity in the First Amended Complaint makes it impossible for this Defendant to determine at this time the extent of the defenses they may have. This Defendant

reserves its right to assert additional defenses that are now or may become available or appear during, or as a result of the discovery proceedings in this action and reserves the right to amend this Answer if necessary.

### Thirty-Fourth Affirmative Defense

Lack of personal jurisdiction.

### Thirty-Fifth Affirmative Defense

Plaintiffs are not entitled to tolling of the statute of limitations.

### Thirty-Sixth Affirmative Defense

This defendant cannot be held liable for the acts or omissions of any other party or non-party.

### Thirty-Seventh Affirmative Defense

This Defendant adopts by reference any additional, applicable defense pled by any other Defendant in this action.

*/s/*
SANDY G. ROBINSON – ROBIS5756
IAN D. ROSENTHAL – ROSEI6905
Attorneys for Defendant
AmerisourceBergen Corporation

OF COUNSEL:

**CABANISS, JOHNSTON, GARDNER,
 DUMAS & O'NEAL LLP**
Post Office Box 2906
Mobile, Alabama 36652
(251) 415-7300 - Phone
(251) 415-7350 – Fax
sgr@cabaniss.com
idr@cabaniss.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that I have served a true and correct copy of the foregoing on all parties to this action, or their attorney of record, on this the **15th** day of **June, 2006**, by placing same in the United States mail, first class postage prepaid and properly addressed as follows:

Pamela B. Slate, Esquire
SLATE KENNEDY LLC
166 Commerce Street, Suite 350
Montgomery, Alabama  36104

Shanin Specter, Esquire
Donald E. Haviland, Jr., Esquire
KLINE & SPECTER
1525 Locust Street, 19th Floor
Philadelphia, PA  19102

Ellen Brooks, District Attorney
Office of the District Attorney of
 Montgomery County, Alabama
Post Office Box 1667
Montgomery, Alabama  36102-1667

George C. Lombardi, Esquire
Erik W. Snapp, Esquire
WINSTON & STRAWN LLP
35 West Wacker
Chicago, IL  60601

Thomas P. Sullivan, Esquire
Robert R. Stauffer, Esquire
Nada Djordjevic, Esquire
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL  60611

Daniel E. Reidy, Esquire
James R. Daly, Esquire
Irene S. Fiorentinos, Esquire
JONES DAY
77 West Wacker
Chicago, IL  60601-1692

Kimberly R. West, Esquire
WALLACE, JORDAN, RATLIFF &
 BRANDT, LLC
Post Office Box 530910
Birmingham, Alabama  35298

Troy King, Attorney General
Office of the Attorney General
Alabama State House
11 South Union Street, Third Floor
Montgomery, Alabama  36130

Robert A. Huffaker, Esquire
RUSHTON, STAKELY, JOHNSTON &
 GARRETT, P.A.
184 Commerce Street
Montgomery, Alabama 36104

Joseph C. Espy, III, Esquire
MELTON, EPSEY & WILLIAMS, P.C.
Post Office Drawer 5130
Montgomery, Alabama  36103-5130

Tabor R. Novak, Jr., Esquire
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

_____
OF COUNSEL