IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )  Civil Action No. CV-05-219 |
| v. | ) |
| | ) |
| ABBOTT LABORATORIES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter, after due notice, came before the Court for hearing on September 30, 2005 on the Motions to Dismiss and Motions for More Definite Statement filed by all Defendants in this case, along with a consolidated brief in support of the motions joined by all Defendants and additional separate briefs filed by numerous Defendants. All parties were represented by counsel. After conducting oral argument on the matters and carefully considering the arguments of counsel and the briefs filed by all parties, the Court treats all Motions to Dismiss by Defendants jointly and hereby DENIES the Motions to Dismiss, but GRANTS in part and DENIES in part the Motions for More Definite Statement.

The Defendants' Motions to Dismiss boil down to three issues: (1) Whether the State has stated a claim for fraudulent misrepresentation and fraudulent suppression pursuant to Rule 12(b)(6) of the Alabama Rules of Civil Procedure; (2) Whether the statute of limitations bars the State's claims; and (3) Whether providers who are reimbursed by Alabama Medicaid are indispensable parties to this litigation and must be joined.

Pursuant to Rule 12(b)(6), Ala. R. Civ. P., a motion to dismiss for failure to state a claim should seldom be granted and is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. *Winn Dixie Montgomery, Inc. v. Henderson*, 371 So. 2d 899, 901 (Ala. 1979). Put another way, this Court must ask "if the facts alleged in the Complaint can be proved, would the State be entitled to relief under any cognizable theory of law?" *Childs v. Mississippi Valley Title Insurance Company*, 359 So. 2d 1146 (Ala. 1978). The Court finds that the First Amended Complaint, liberally construed in the light most favorable to the Plaintiff, states causes of action upon which relief can be granted. As to the statute of limitations argument, this Court recognizes the doctrine of *nullum tempus occurrit reipublicae*, which provides that the statute of limitations does not apply against the sovereign. Furthermore, the standard for granting a motion to dismiss based on the statute of limitations is whether the existence of an affirmative defense appears clearly on the face of the complaint. Where there is a factual issue as to when the statute of limitations began to run, the question is to be decided by the jury. *Jones v. Alfa Mutual Ins. Co.*, 879 So. 2d 1179, 1193 (Ala. 2003); *Alabama Farm Bureau Mutual Casual Ins. Co. v. Griffin*, 493 So. 2d 1379, 1382 (Ala. 1986).

The Defendants also argue that the State's case should be dismissed because "pharmacists, physicians and, perhaps, others," are indispensable parties to this action. Under Alabama law, an absent party is needed for adjudication and is indispensable if (1) in that person's absence complete relief cannot be accorded among those already parties, or (2) that party has a legally protected interest relating to the subject matter of the action, not merely a financial interest or interest of convenience, which would be impaired in its

absence as a party. *Neal v. Neal*, 856 So. 2d 766, 780 (Ala. 2002); *Russ v. Luton*, 456 So. 2d 259, 256 (Ala. 1984). The party seeking to show that a party is indispensable has the burden of proof. *Walters v. Stewart*, 838 So. 2d 1047, 1052 (Ala. Civ. App. 2002). After examining the briefs and considering the oral arguments, the Court finds that the Defendants have failed to carry their burden of proof on this issue.

Alternatively, the Defendants argue that the State has failed to plead fraud with particularity under Rule 9(b). Under this rule, so long as the Defendant is reasonably apprised that the claim against him is one for fraud, the State is not required to set forth each and every element of its claims for fraud with detail and particularity. *Spry Funeral Homes, Inc. v. Deaton*, 363 So. 2d 786, 789 (Ala. Civ. App. 1978); Ala. R. Civ. P. 9(b), committee comments. The purpose of Rule 9(b) is to enable a defendant to understand the fraud claim and effectively respond. The Committee Comments to Rule 9(b) say that "the courts will strive to find the details necessary for the sufficiency of such a complaint, if the pleadings give fair notice to the opposing party. . . ." A motion for more definite statement under Rule 12(e) shall be granted only when a "party cannot reasonably be required to frame a responsive pleading." In addition, the requirements of Rule 9(b) may be relaxed where the transactions at issue are voluminous, complex and extend over a long period of time or where the defendants control information required for more detailed pleading. The Amended Complaint in this case alleges that the transactions are complex and occurred over a period in excess of 10 years. See ¶133. The Amended Complaint also alleges that Defendants' true prices are known to and within the control of Defendants themselves, and that these prices have been concealed from the State.

3

The Court notes the depth and breadth of the State's Amended Complaint. The Amended Complaint alleges that the Defendants provided or caused to be provided false and inflated AWP, WAC, and/or Direct Price information for their drugs to various nationally known drug industry reporting services. The Complaint further alleges that the State relied on these fraudulently inflated prices to its detriment. The Defendants, however, contend that the State fails to put the Defendants on notice as to each and every drug involved in the fraudulent scheme. That point is well taken. Accordingly, the State is ordered to amend its Complaint within 90 days to name each and every drug, known to the State at this time, which the State contends is part of the fraudulent scheme alleged.[1] The Court finds that the Amended Complaint otherwise meets the standards of Rule 9(b).

In addition to the grounds set forth in Defendants' Motion to Dismiss, the "Alabama Ten" contend that they should be dismissed because they have either not been sued in other similar lawsuits filed by other states, or that they were dismissed from the cases in which they were included as a defendant. The Court is not persuaded by this argument, and, for the same reasoning set forth above, the Motion to Dismiss filed by the "Alabama Ten" is DENIED.

With regard to the motions filed by Defendants Andrx Corporation and K-V Pharmaceutical Company asserting lack of personal jurisdiction and the motions filed by the Bayer Defendants and the Astrazeneca Defendants seeking dismissal of certain claims previously released in prior settlement agreements, the parties have informed the Court that

---

[1] Of course, this required amendment will not act to preclude the State from further amending its Complaint at a later date in accordance with Ala. R. Civ. P. 15. Any such Complaint may include the naming of additional drugs for which a claim is made.

4

these issues will be resolved by agreement within ten (10) days from the hearing date in this matter. If the parties fail to reach an agreement, the Court will entertain these Motions at a later date upon notice to the Court by the parties that an agreement has not been reached.

THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED that all Defendants' Motions to Dismiss are DENIED. The Defendants' Motions for a More Definite Statement are GRANTED in part as set forth above, but otherwise DENIED. The State will have ninety (90) days to amend the Complaint accordingly.

DONE this the ___13___ day of October, 2005.

HONORABLE CHARLES PRICE
CIRCUIT COURT JUDGE