# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| BLUECROSS AND BLUESHIELD OF ALABAMA; and BLUECROSS AND BLUESHIELD OF MICHIGAN,<br><br>Plaintiffs,<br><br>v.<br><br>TAP PHARMACEUTICAL PRODUCTS INC. (formerly known as TAP HOLDINGS, INC.); ET AL.<br><br>Defendants. | CIVIL ACTION NO. 2:06-CV-536-MEF |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS TAP, ABBOTT, AND TAKEDA

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, BlueCross and BlueShield of Alabama ("BCBS Alabama") and BlueCross and BlueShield of Michigan ("BCBS Michigan"), hereby request that each defendant respond to each of the following requests for production of documents within thirty days, or any shorter period ordered by the Court.

### DEFINITIONS

1.  As used herein, the following terms are defined as indicated:

    a.  "Defendants" mean TAP Pharmaceutical Products Inc. (formerly known as TAP Holdings, Inc.) ("TAP"), Abbott Laboratories ("Abbott"), Takeda Pharmaceutical Company Limited (formerly known as Takeda Chemical Industries, Ltd.) ("Takeda"), Takeda America Holdings, Inc. ("Takeda America"), respectively, and their predecessors, successors, subsidiaries, parent, branches, departments, divisions, or affiliates, including, without limitation, any organization

or entity in which defendants have management or controlling interests, together with all present and former directors, officers, employees, agents, representatives or any other persons acting, or purporting to act, on behalf of the above identified persons or entities.

      b.    "You," "your" or "your company" mean the particular defendant responding to these Document Requests.

      c.    "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, government entity (including, without limitation, any governmental agency or political sub-division of any government), any group, or any other form of public or private business or legal entity.

      d.    "Communication" means, without limitation, oral or written communications of all kinds, including correspondence, any exchange of written or recorded information, face to face meetings, or electronic, facsimile or telephone transmissions.

      e.    "Meeting" means, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more persons for any purpose, whether planned, arranged, scheduled or not.

      f.    "Employee" means, without limitation, current and former officers, directors, executives, managers, sales personnel, secretaries, clerical staff, messengers, or any other person employed by defendants.

      g.    "Competitor(s)" means, without limitation, any other person or entity who actually did or potentially could compete with you in the development, production, manufacture, distribution, marketing, promotion, pricing or sale of Lupron® or equivalent products.

  h. "Document" has the same full meaning as construed by the Federal and Alabama Rules of Civil Procedure, and includes, without limitation, the original (or identical duplicate when the original is not available) and all non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of all writings, whether handwritten, typed, printed or otherwise produced, which writings or other documents may consist of letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries or records of telephone conversations or interviews, telegrams, notes, reports, compilations, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including, without limitation, engineering, assembly and detail drawings), sketches, photographs, films and sound reproductions, sales literature, advertising literature, promotional literature, agreements, minutes of meetings, tape recordings, telegrams, mailgrams, facsimile transmissions, or any other tangible materials on which there is any recording or writing of any sort.

  In addition, the term "document" also includes "electronic data," which means the original and any non-identical copies of mechanical, facsimile, electronic, magnetic, digital, or other programs (whether private, commercial, or work-in-progress), programming notes, instructions, comments or remarks, program change logs and activity listings of electronic mail receipts and/or transmittals; output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral drivers, PRF files, batch files, ASCII files, and any miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active,

3

deleted file or file fragment. Electronic data includes any items stored on computer memories or computer chips, including, but not limited to, EPROM, PROM, RAM, and ROM, hard disks, floppy disks, CD-ROM, Bernoulli Boxes and their equivalent, magnetic tape of all types, microfiche, punched media or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs, and/or containers and labels appended to or associated with, any physical storage device associated with each original and/or copy.

The term also includes all Electronic Bulletin Board Services, including all levels of access, sub-boards, conferences and all information contained therein.

i. "Referring to," "relating to," or "regarding" mean, without limitation, the concepts: refer to, discuss, describe, reflect, deal with, pertain to, analyze, evaluate, estimate, constitute, study, survey, project, assess, record, summarize, criticize, report, comment, or otherwise involve, in whole or in part.

j. "Or" is used in its inclusive sense and shall be construed so as to require the broadest possible response. If, for example, a request calls for information about "A" or "B," you should produce all information about A and all information about B, as well as all information about A and B. (In other words, "or" should be read as "and/or").

k. "Lupron®" means the prescription drug known as Lupron® Depot (leuprolide acetate for depot suspension) manufactured and sold by TAP throughout the United States.

l. "Medical providers" means, without limitation, doctors, nurses, nurse practitioners, residents, and others who provide medical care to patients, as well as the facilities and institutions through which they provide such care, including, but not limited to, hospitals, clinics, public or private medical offices, and the like.

4

## **INSTRUCTIONS**

1.  Pursuant to the Federal and Alabama Rules of Civil Procedure, these document requests shall be deemed to be continuing in nature so that if defendants, their directors, officers, employees, agents, representatives or any person acting, or purporting to act, on behalf of defendants, subsequently discover or obtain possession, custody or control of any document previously requested or required to be produced, defendants shall promptly make such document available.

2.  In producing documents and other materials, you are to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

3.  In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested document or thing cannot be produced in full, you are to produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason that document is being withheld.

5.  A request for each document that "refers" or "relates to" a subject matter extends to each document that constitutes, contains, mentions, discusses, supports, modifies, contradicts, criticizes, concerns, describes, records, reports, or reflects that subject matter, or that was

5

prepared in connection with, arises from, or is or has been collected, recorded, examined, or considered by, for or on behalf of any present or former agent, representative, officer, employee, attorney, board, committee or subcommittee, or any other person acting or purporting to act on your behalf in relation to the subject matter specified.

6. Documents not otherwise responsive to these Document Requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these Document Requests, or if such documents are attached to documents called for by these Document Requests and constitute routing slips, transmittal memoranda, cover sheets or letters, comments, evaluations or similar materials.

7. All documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business.

8. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you. If for any reason the container cannot be produced, produce copies of all labels or other identifying marks.

9. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

10. Documents attached to each other should not be separated.

11. If a document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the document and state the details concerning its loss.

12.     In responding to these requests you are to include documents (a) obtained from witnesses who gave information to any governmental agency or investigatory body; (b) that constitute, or refer or relate to, summaries of testimony or other statements in connection with any governmental agency or investigatory body proceedings or investigations; or (c) obtained on your behalf by counsel in preparing for testimony or interviews before any governmental agency or investigatory body.

13.     If you claim the attorney-client privilege or any other privilege or work product protection for any document, provide a detailed privilege log that contains at least the following information for each document that you have withheld:

    a. state the date of the document;

    b. identify each and every author of the document;

    c. identify each and every person who prepared or participated in the preparation of the document;

    d. identify each and every person who received the document;

    e. identify each and every person from whom the document was received;

    f. state the present location of the document and all copies thereof;

    g. identify each and every person having custody or control of the document and all copies thereof; and

    h. provide sufficient information concerning the document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of such claim.

14.        Unless a different period is specified, these Document Requests relate to the period January 1, 1990 through the present. Responsive documents include those that were prepared, sent, dated, received, in effect, or otherwise came into existence at any time on or after January 1, 1990 through the present.

## DOCUMENT REQUESTS

**REQUEST NO. 1**     Please produce documents sufficient to show the names, addresses or other identifying information about all medical providers in the State of Alabama who prescribe Lupron® or have prescribed Lupron® at any time during the relevant time period and who were provided with free goods or samples of Lupron®.

**RESPONSE:**

**REQUEST NO. 2**     Please produce all documents and records of the distribution of Lupron®, including free samples, maintained pursuant to the provisions of the Prescription Drug Marketing Act, § 21 U.S.C. 301, *et seq.*, and any other federal or state laws.

**RESPONSE:**

**REQUEST NO. 3**     Please produce all data (on tape or disk) stored, maintained, or organized electronically or magnetically through any computer-related equipment or system, containing or referring to information regarding individual customer invoices for purchases of Lupron® in the State

8

of Alabama including, but not limited to, customer names and addresses, prices, quantities, purchase volume and price discounts, and other discounts.

**RESPONSE:**

**REQUEST NO. 4** Please produce all documentation necessary to operate or run any of the programs maintained on the computer-related equipment or system utilized by you to maintain the data produced by you in response to Request No. 3.

**RESPONSE:**

**REQUEST NO. 5** Please produce documents sufficient to identify all medical providers in the State of Alabama to whom or with whom you have ever promoted or otherwise discussed return to practice ("RTP") or "spread" or "profit".

**RESPONSE:**

**REQUEST NO. 6** Please produce documents sufficient to identify all medical providers in the State of Alabama with whom you have ever had a purchase contract.

**RESPONSE:**

9

**REQUEST NO. 7**    Please produce documents sufficient to identify all medical providers in the State of Alabama to whom you have ever discussed, promoted or otherwise encouraged the acceptance of remuneration or any things of value, and to whom you have ever provided such remuneration or any things of value.

**RESPONSE:**


**REQUEST NO. 8**    Please produce documents sufficient to identify all medical providers in the State of Alabama to whom or with whom you have ever discussed the practice of diverting or re-distributing Lupron® and/or the purchase of excess Lupron® not for administration to the providers' patients.

**RESPONSE:**


**REQUEST NO. 9**    Please produce documents sufficient to identify all medical providers in the State of Alabama whom you have ever suspected of engaging in the practice of diverting or re-distributing Lupron®.

**RESPONSE:**


**REQUEST NO. 10**    Please produce all documents which comprise, evidence, refer or relate to any agreement or understanding, formal or informal, or any joint actions or activities, between or among

10

any defendant(s), concerning the development, production, manufacture, distribution, marketing, promotion, pricing, purchase and/or sale of Lupron®.

**RESPONSE:**

**REQUEST NO. 11**   Please produce any public statements, announcements, disclosures, or press releases issued by you or any defendant referring or relating to the development, production, manufacture, distribution, marketing, promotion, pricing, purchase or sale of Lupron®.

**RESPONSE:**

**REQUEST NO. 12**   Please produce all documents sufficient to show all meetings attended by you, and any other defendant(s), and/or by William Stickler, at which meeting there was any communication regarding the development, manufacture, distribution, marketing, promotion, pricing, purchase or sale of Lupron®

**RESPONSE:**

**REQUEST NO. 13**   Please produce all documents reflecting communications between you, and any defendant(s), and/or William Stickler, referring or relating to the manufacture, distribution, marketing, promotion, pricing, purchase or sale of Lupron®.

**RESPONSE:**

11

**REQUEST NO. 14**   Please produce all documents taken to, received or distributed at, or prepared in connection with or during any meeting attended by you and any defendant(s), and/or by William Stickler, at which meeting there was any communication regarding the development, manufacture, distribution, marketing, promotion, pricing, purchase or sale of Lupron®, including but not limited to, notes.

**RESPONSE:**

**REQUEST NO. 15**   Please produce all documents prepared by you, a defendant, or a third party, including William Stickler, which analyze, evaluate or summarize information referring or relating to the re-distribution Lupron®.

**RESPONSE:**

**REQUEST NO. 16**   Please produce all documents referring or relating to complaints from any medical providers relating to any actual, proposed or prospective price(s), price change(s), or term(s) or condition(s) of purchase of Lupron®, and any response thereto.

**RESPONSE:**

**REQUEST NO. 17**   Please produce all documents referring or relating to the plaintiffs in the above-captioned action, including, but not limited to, all documents referring or relating to

12

reimbursements of Lupron® by the plaintiffs, including, without limitation, information regarding prices, quantities, and dates of payment.

**RESPONSE:**



**REQUEST NO. 18** Please produce documents sufficient to identify by name, by title/position, by sales territory, and by last known address, all field sales personnel, including but not limited to, sales representatives, district managers, regional managers, hospital account executives, and/or national account managers, who detailed or otherwise communicated with the medical providers whom you have identified in response to Request No. 1 above.

**RESPONSE:**


Dated: _____, 2006

Respectfully submitted,

_____
Kimberly R. West, Esquire
**WALLACE, JORDAN, RATLIFF & BRANDT, LLC**
P.O. Box 530910
Birmingham, AL 35298
(205) 870-0555 telephone
(205) 871-7534 facsimile

Pamela B. Slate, Esquire
**SLATE, KENNEDY LLC**
166 Commerce Street, Suite 350
Montgomery, AL 36104
(334) 262-3300 telephone
(334) 252-3301 facsimile

13

Donald E. Haviland, Jr., Esquire
**KLINE & SPECTER**
    **A PROFESSIONAL CORPORATION**
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 telephone
(215) 735-0957 facsimile

**ATTORNEYS FOR PLAINTIFFS,**
**BLUE CROSS AND BLUE SHIELD OF ALABAMA AND**
**BLUE CROSS AND BLUE SHIELD OF MICHIGAN**

## CERTIFICATE OF SERVICE

I hereby certify that on this date, July 19, 2006, I have served the foregoing on the following counsel of record by placing same in the United States Mail, postage prepaid and properly addressed to:

### COUNSEL FOR DEFENDANT TAP PHARMACEUTICAL PRODUCTS, INC.

Tabor Robert Novak, Jr., Esquire
**BALL BALL MATTHEWS & NOVAK PA**
P.O. Box 2148
Montgomery, AL 36102-2148
Telephone:  (334) 387-7680
Facsimile:  (334) 387-3222
tnovak@ball-ball.com

Daniel Edward Reidy, Esquire
**JONES DAY**
77 West Wacker Drive
Chicago, IL 60601-1692
Telephone:  (312) 269-4140
Facsimile:  (312) 782-8585
dereidy@jonesday.com

James R. Daly, Esquire
**JONES DAY**
77 West Wacker Drive
Chicago, IL 60601-1692
Telephone:  (312) 782-4141
Facsimile:  (312) 782-8585
jrdaly@jonesday.com

### COUNSEL FOR DEFENDANT ABBOTT LABORATORIES

Robert A. Huffaker, Esquire
**RUSHTON STAKELY JOHNSTON & GARRETT PC**
P.O. Box 270
Montgomery, AL 36101-0270
Telephone:  (334) 206-3100
Facsimile:  (334) 262-6277
rah@rsjg.com

George Carter Lombardi, Esquire
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, IL 60601
Telephone:  (312) 558-5969
Facsimile:  (312) 558-5700
glombardi@winston.com

Erik W. Snapp, Esquire
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, IL 60601
Telephone:   (312) 558-5600
Facsimile:   (312) 558-5700
esnapp@winston.com

**COUNSEL FOR DEFENDANTS TAKEDA AMERICA HOLDINGS, INC.
and
TAKEDA PHARMACEUTICAL COMPANY LIMITED**

Joseph C. Espy, III, Esquire
**MELTON ESPY & WILLIAMS, PC**
P.O. Drawer 5130
Montgomery, AL 36103-5130
Telephone:   (334) 263-6621
Facsimile:   (334) 263-7252
jespy@mewlegal.com

Nada Djordjevic, Esquire
**JENNER & BLOCK LLP**
One IBM Plaza
330 North Wabash Avenue
Chicago, IL 60611
Telephone:   (312) 222-9350
Facsimile:   (312) 840-7305
ndjordjevic@jenner.com

Robert R. Stauffer, Esquire
**JENNER & BLOCK LLP**
One IBM Plaza
330 North Wabash Avenue
Chicago, IL 60611
Telephone:   (312) 923-2905
Facsimile:   (312) 840-7305
rstauffer@jenner.com

Thomas P Sullivan, Esquire
**JENNER & BLOCK, LLP**
One IBM Plaza
330 North Wabash Avenue
Chicago, IL 60611
Telephone:   (312) 923-2928
Facsimile:   (312) 840-7305
tsullivan@jenner.com

16

**COUNSEL FOR DEFENDANTS AMERISOURCE BERGEN CORPORATION,
AMERISOURCE BERGEN SPECIALTY GROUP,
and
ONCOLOGY SUPPLY COMPANY**

Sandra Grisham Robinson, Esquire
CABANISS JOHNSTON GARDNER DUMAS &
O'NEAL
P.O. Box 2906
Mobile, AL 36652-2906
Telephone:    (251) 415-7308
Facsimile:    (251) 415-7350
sgr@cabaniss.com

Ian David Rosenthal, Esquire
CABANISS JOHNSTON GARDNER DUMAS &
O'NEAL
P.O. Box 2906
Mobile, AL 36652-2906
Telephone:    (251) 415-7309
Facsimile:    (251) 415-7350
idr@cabaniss.com

Dated: _July 19_, 2006

_____
Donald E. Haviland, Jr., Esquire
KLINE & SPECTER
A PROFESSIONAL CORPORATION
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 telephone
(215) 735-0957 facsimile

17