IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **BLUECROSS AND BLUESHIELD OF ALABAMA; and BLUECROSS AND BLUESHIELD OF MICHIGAN,**<br><br>Plaintiffs,<br><br>v.<br><br>**TAP PHARMACEUTICAL PRODUCTS INC.** (formerly known as **TAP HOLDINGS, INC.**); ET AL.,<br><br>Defendants. | CIVIL ACTION NO. 2:06-cv-536-MEF |

**PLAINTIFFS' MOTION TO STAY PROCEEDINGS
RELATED TO DEFENDANTS' MOTION TO DISMISS**

Come now the Plaintiffs, BlueCross and BlueShield of Alabama ("BCBS Alabama") and BlueCross and BlueShield of Michigan ("BCBS Michigan"), and move this Honorable Court to stay further proceedings related to the Motion to Dismiss filed by Defendants Oncology Supply Company ("OSC") and Amerisource Bergen Specialty Group ("ABSG") ("Motion to Dismiss") (Dkt. 33). In support of this Motion, Plaintiffs state as follows:

1. Defendants OSC and ABSG filed the present Motion to Dismiss on August 2, 2006.

2. On July 17, 2006, Plaintiffs timely filed a Motion and a Supplemental Motion to Remand (Dkts. 25 & 27) to the Circuit Court of Montgomery County, Alabama. Plaintiffs request remand on the grounds that (1) the Notice of Removal was procedurally defective in that the Defendants, in violation of 28 U.S.C. § 1446(a), failed to file all "pleadings, process and orders"

served on them in this action, and in violation of M.D. Ala. LR 81.1, failed to file the entire state court file with this Court, and (2) this Court lacks subject matter jurisdiction over this case.

3.  A ruling like that sought by Defendants in their Motion to Dismiss is inappropriate until the Court determines the threshold issue of subject matter jurisdiction. *See Steel Company v. Citizens for a Better Environment,* 523 U.S. 83, 94-95 (1998) (holding that "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception'").

4.  Eleventh Circuit and this Court's precedent also makes clear that a district court should not decide a motion to dismiss in a case until it first determines that it has subject matter jurisdiction. In *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405 (11th Cir. 1993), the 11th Circuit held that it was error to rule on a motion for voluntary dismissal before ruling on remand, stating: "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." *Id.* at 415. This Court has also recognized that proceedings related to a motion to dismiss should await ruling on a motion to remand. *Adams v. Charter Communications VII, LLC*, 356 F. Supp. 2d 1268, 1270 (M.D. Ala. 2005) (Fuller, C.J.) ("Because the Court finds that this case is due to be remanded, the Court will leave the motion to dismiss for resolution by the Circuit Court . . . after remand."); *Harris v. Beaulieu*, 394 F. Supp. 2d 1348, 1351 (M.D. Ala. 2005) (De Ment, J.) ("The court must determine whether it has removal jurisdiction over this case before entertaining Defendant's motion to dismiss, as a federal court which lacks subject matter jurisdiction over a removed case does not have jurisdiction to rule on any other pending motion.").

5. *Brizendine v. Continental Casualty Company,* 773 F. Supp. 313 (N.D. Ala. 1991), cited by the Defendants, Motion to Dismiss (Dkt. 33) ¶ 2, is not to the contrary. The *Brizendine* court ruled on a motion to remand on the grounds of timeliness, not a motion to dismiss or any other motion. Nothing in *Brizendine* established a procedure by which a federal court can rule on a motion to dismiss for insufficiency of service of process **before** ruling on a motion to remand on jurisdictional grounds.

6. Counsel for Plaintiffs conferred this date with counsel for Movants OSC and ABSG regarding this Motion, and understands that Defendants do not agree to the relief requested herein.

For these reasons, Plaintiffs respectfully request an Order staying all proceedings related to the Motion to Dismiss until after this Court's decision on Plaintiffs' Motion to Remand.

Respectfully submitted,

Dated: August 7, 2006

/s/ Pamela B. Slate
Pamela B. Slate (ASB-8938-A43P)
pslate@slatekennedy.com
**SLATE KENNEDY LLC**
166 Commerce Street, Suite 350
Montgomery, AL 36104
Telephone:   (334) 262-3300
Facsimile:   (334) 262-3301

Kimberly R. West (ASB-2419-E65K)
kw@wallacejordan.com
**WALLACE JORDAN RATLIFF & BRANDT LLC**
P.O. Box 530910
Birmingham, AL 35298
Telephone:   (205) 870-0555
Facsimile:   (205) 871-7534

Donald E. Haviland, Jr.
Donald.Haviland@KlineSpecter.com
**KLINE & SPECTER**
A PROFESSIONAL CORPORATION
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
Telephone:     (215) 772-1000
Facsimile:     (215) 735-0957

**ATTORNEYS FOR PLAINTIFFS**
**BLUECROSS AND BLUESHIELD OF ALABAMA AND**
**BLUECROSS AND BLUESHIELD OF MICHIGAN**

## CERTIFICATE OF SERVICE

I hereby certify that on this date, August 7, 2006, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following:

COUNSEL FOR DEFENDANT TAP PHARMACEUTICAL PRODUCTS, INC.

Tabor Robert Novak, Jr., Esquire
Ball Ball Matthews & Novak PA
P.O. Box 2148
Montgomery, AL 36102-2148
Telephone:	(334) 387-7680
Facsimile:	(334) 387-3222
tnovak@ball-ball.com

Daniel Edward Reidy, Esquire
Jones Day
77 West Wacker Drive
Chicago, IL 60601-1692
Telephone:	(312) 269-4140
Facsimile:	(312) 782-8585
dereidy@jonesday.com

James R. Daly, Esquire
Jones Day
77 West Wacker Drive
Chicago, IL 60601-1692
Telephone:	(312) 782-4141
Facsimile:	(312) 782-8585
jrdaly@jonesday.com

COUNSEL FOR DEFENDANT ABBOTT LABORATORIES

Robert A. Huffaker, Esquire
Rushton Stakely Johnston & Garrett PC
P.O. Box 270
Montgomery, AL 36101-0270
Telephone:	(334) 206-3100
Facsimile:	(334) 262-6277
rah@rsjg.com

Erik W. Snapp, Esquire
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone:	(312) 558-5600
Facsimile:	(312) 558-5700
esnapp@winston.com

George Carter Lombardi, Esquire
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone:	(312) 558-5969
Facsimile:	(312) 558-5700
glombardi@winston.com

COUNSEL FOR DEFENDANTS TAKEDA AMERICA HOLDINGS, INC.
and
TAKEDA PHARMACEUTICAL COMPANY LIMITED

Joseph C. Espy, III, Esquire
Melton Espy & Williams, PC
P.O. Drawer 5130
Montgomery, AL 36103-5130
Telephone:   (334) 263-6621
Facsimile:   (334) 263-7252
jespy@mewlegal.com

Nada Djordjevic, Esquire
Jenner & Block LLP
One IBM Plaza
330 North Wabash Avenue
Chicago, IL 60611
Telephone:   (312) 222-9350
Facsimile:   (312) 840-7305
ndjordjevic@jenner.com

Robert R. Stauffer, Esquire
Jenner & Block LLP
One IBM Plaza
330 North Wabash Avenue
Chicago, IL 60611
Telephone:   (312) 923-2905
Facsimile:   (312) 840-7305
rstauffer@jenner.com

Thomas P Sullivan, Esquire
Jenner & Block, LLP
One IBM Plaza
330 North Wabash Avenue
Chicago, IL 60611
Telephone:   (312) 923-2928
Facsimile:   (312) 840-7305
tsullivan@jenner.com

COUNSEL FOR DEFENDANTS AMERISOURCE BERGEN CORPORATION,
AMERISOURCE BERGEN SPECIALTY GROUP,
and
ONCOLOGY SUPPLY COMPANY

Sandra Grisham Robinson, Esquire
Cabaniss Johnston Gardner Dumas & O'Neal
P.O. Box 2906
Mobile, AL 36652-2906
Telephone:   (251) 415-7308
Facsimile:   (251) 415-7350
sgr@cabaniss.com

Ian David Rosenthal, Esquire
Cabaniss Johnston Gardner Dumas & O'Neal
P.O. Box 2906
Mobile, AL 36652-2906
Telephone:   (251) 415-7309
Facsimile:   (251) 415-7350
idr@cabaniss.com

/s/ Pamela B. Slate
Pamela B. Slate (ASB-8938-A43P)
pslate@slatekennedy.com
**SLATE KENNEDY LLC**
166 Commerce Street, Suite 350
Montgomery, AL 36104
Telephone:   (334) 262-3300
Facsimile:   (334) 262-3301