# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARL D. HOWELL | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 2:04-cv-607-A |
| CIRCUIT CITY, FIRST NORTH AMERICAN NATIONAL BANK, and unknown fictitious parties: "A", "B", and "C", | ) |
| Defendants. | ) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

COME NOW Defendants Circuit City and First North American National Bank ("FNANB"), by their attorneys, and submit this Opposition to Plaintiff's Motion to Remand. The case was properly removed pursuant to 28 U.S.C. § 1332, and the Motion to Remand should be denied.

Carl D. Howell ("Plaintiff") alleges three grounds on which he contends that the case should be remanded to state court. Plaintiff alleges that: 1) based upon Defendant Circuit City's stores located in Alabama, there is not complete diversity; 2) based upon the fictitious parties named in the Complaint, there is not complete diversity; and 3) there are no federal claims alleged in the Complaint.

At the outset, Defendants will concede that the Plaintiff has effectively pled around the federal statutes, and thus, has made no stated federal law claims in the Complaint.[1] Defendants,

---

[1] It is notable that Plaintiff's Interrogatories and Request for Production do mention federal

however, removed the case pursuant to 28 U.S.C. § 1332, diversity jurisdiction, and therefore, the lack of federal law claims in the Complaint has no relevance either to the removal or the Motion to Remand.

As to the other grounds for remand to state court, Defendants will address each in turn.

**A. Defendants' Residence**

In the Removal, Circuit City averred that it is incorporated in the state of Virginia, with its principal place of business also in the state of Virginia. See Exhibit 1, Alabama Secretary of State Incorporation Information.[2]  FNANB averred that it is a Georgia Corporation.[3]  Plaintiff has not contested either of these averments, admitting that Circuit City is a "foreign" corporation and making no statement regarding FNANB. Plaintiff instead appears to contend that Circuit City should be deemed an Alabama resident due to the fact that it is registered to do business in Alabama and has stores located throughout the State. As support for this argument, Plaintiff cites 28 U.S.C. § 1332, which states, "a corporation shall be deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." Despite the Plaintiff's apparent misreading, § 1332 does not support Plaintiff's position, and, in fact, squarely defeats it.

Corporations have dual citizenship for the purposes of diversity jurisdiction. See Fritz v. American Home Shield Corp., 751 F.2d 1152, 1153 (11th Cir. 1985). It is well settled that this dual citizenship is comprised of the corporation's place of incorporation and its principal place of

---

TILA statutes, but the Complaint carefully avoids those statutes.

[2] Plaintiff does not contest this, nor argue that Circuit City's stores in Alabama constitute Circuit City's principal place of business; therefore Defendants need not provide other evidence to prove that Virginia is in fact the principal place of business.

[3] Plaintiff makes no allegation contesting FNANB's residence.

business. See e.g. Bel-Bel Int'l Corp. v. Community Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir.1998); 28 U.S.C. § 1332. The fact that a corporation does business in a state does not make it a resident of that state for the purposes of diversity jurisdiction. If that were the case, a large corporation such as Circuit City would be a resident of every state. Thus, according to the plain language of § 1332 and well settled law, Circuit City is only a citizen of Virginia, and Plaintiff's argument must fail. The language of § 1332 would otherwise be completely meaningless.

**B. Fictitious Parties**

In addition to the corporate citizenship argument, Plaintiff contends that the fictitious parties in the Complaint <u>could be</u> residents of Alabama.[4] In the Complaint, these fictitious parties are designated as "unknown fictitious parties 'A', 'B', and 'C'." There is no reference to the fictitious parties in the introduction portion of the Complaint, nor any description of them; furthermore, there is no direct reference to them anywhere in the Complaint (nor is there any allegation that the fictitious parties are or could be residents of Alabama). None of the claims made in the Complaint could even conceivably be directed at anyone other than Circuit City or FNANB.[5] Thus, even if the fictitious parties were actually named, their presence would constitute fraudulent joinder. See gen. Clingan v. Celtic Life Ins. Co., 244 F.Supp.2d 1298, 1300

---

[4] Plaintiff's contention is in the negative, asserting that Defendants did not deny that the store employees were not Alabama residents. Defendants are not required to do this. See 28 U.S.C. § 1441 (a).

[5] The claims made in the Complaint could conceivably be made against another party, the parent company of "Monogram Credit Card" (GE), which is mentioned in the Complaint; however, this would not destroy diversity.

3

(M.D. Ala. 2003). Consequently, it is evident that the fictitious parties are a sham designed to defeat federal jurisdiction.

In contemplation of this occurrence, 28 U.S.C. § 1441 specifically provides that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441 (a). Thus, facially, Plaintiff's argument has no merit, as the fictitious parties should be disregarded.

Since Plaintiff has managed to cite one Middle District case in which the court considered fictitious parties, Defendants will address the argument. Plaintiff cites Brown v. TranSouth Financial Corp., 897 F.Supp. 1398 (M.D. Ala. 1995) (De Ment, J), for the proposition that Plaintiff's allegation of fictitious parties will defeat diversity.[6] First, in Brown, the plaintiff was aware of the name of the fictitious party. The Plaintiff also apparently had a viable claim against that party. In the present case, no one is aware who the fictitious party (ies) may be, and further, the Plaintiff was in as good or better position to know the name of any person that he may have dealt with at Circuit City, if Plaintiff truly had a claim against that person. Circuit City is not required to list its employees and their residences and allow Plaintiff to pick one which would destroy diversity, even though there is no claim against that employee. In Brown, and in the cases cited in Brown, the fictitious party was known to be an actual person with an actual residence that would destroy diversity.[7] In the present lawsuit, this is not the case, and, even if it

---

[6] The Court appears to have declined jurisdiction pursuant to 28 U.S.C. § 1447(e) on account of the joinder of a non-diverse defendant.

[7] The primary case relied upon in Brown, Tomkins v. Lowe's Home Center, Inc., 847 F.Supp. 462, 464 (E.D. LA 1994), relies upon a case (Green v. Mutual of Omaha, 550 F.Supp. 815, 818 (N.D. Cal 1982) which was rendered prior to the enactment of the pertinent section of 28 U.S.C. 1441. See 28 U.S.C. § 1441 (Amendment in 1988). Tomkins was also a case where the actual person and residence were known at the time of the motion to remand. See Tomkins, 847 F.Supp. at 463.

were, there would be no independent claim against the employee of the corporation in this Complaint.[8] Whatever Brown may stand for, it is directly contrary to the express terms of the statute, and has limited, if any, support elsewhere. Thus, Plaintiff's argument has no merit and the Motion to Remand should be denied.

## CONCLUSION

For the reasons stated herein, the requirements of 28 U.S.C. § 1332 have clearly been satisfied and this Court has diversity jurisdiction over the claims made in Plaintiff's Complaint.

Wherefore, Defendants Circuit City and FNANB pray that the Court will deny the Motion to Remand and promptly proceed to the merits of this case.

Respectfully submitted,

/s/ Richard H. Gill
Richard H. Gill (GIL007)
C. Nelson Gill (GIL055)
**Counsel for Circuit City and
First North American National Bank**

**OF COUNSEL:**
Richard H. Gill (GIL007)
C. Nelson Gill (GIL055)
Copeland, Franco, Screws & Gill
444. S. Perry Street
P.O. Box 347
Montgomery, Alabama 36101-0347
Phone: 334/834-1180
Fax:  334/834-3172

---

[8] Defendants can not attempt a fraudulent joinder analysis, as the Complaint states no causes of action against the fictitious party (ies), precisely evidencing why 28 U.S.C. § 1441 disregards fictitious parties.

5

## CERTIFICATE OF SERVICE

I hereby certify that, on July 21, 2004, I electronically filed the foregoing OPPOSITION TO PLAINTIFF'S MOTION TO REMAND with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas J. Azar, Jr.
AZAR & TASHEIKO, LLC
609 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 263-5363
Facsimile: (334) 263-3988

/s/ Richard H. Gill
Of Counsel