IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| BLUECROSS AND BLUESHIELD OF ALABAMA; AND BLUECROSS AND BLUESHIELD OF MICHIGAN,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>vs.  )<br>)<br>TAP PHARMACEUTICAL PRODUCTS INC., et al.,  )<br>)<br>)<br>)<br>Defendant.  ) | CIVIL ACTION NO: 2:06-cv-536-MEF |

**OPPOSITION TO "MOTION TO STAY PROCEEDINGS RELATED TO DEFENDANTS' MOTION TO DISMISS"**

Come now the defendants identified in the plaintiffs' First Amended Complaint as Oncology Supply (sometimes referred to incorrectly as Oncology Supply Company) and AmerisourceBergen Specialty Group and oppose the motion to stay filed by plaintiffs on August 7, 2006. (Doc. 36) As grounds, the movants state as follows:

1.  Movants have filed a Motion to Dismiss for insufficient service of process. Rather than responding to the merits of the Motion to Dismiss, Plaintiffs have moved to stay that motion, contending that this Court must first determine the threshold matter of subject matter jurisdiction, and cite to *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). Plaintiffs describe the holding of *Steel Company* as inflexibly requiring that subject matter jurisdiction be established as a threshold matter.

2.  There are only four things wrong with plaintiffs' position: (1) As it stands now, this Court does not have personal jurisdiction over the movants; (2) Plaintiffs neglect to cite to this court a contrary, more recent, United States Supreme Court opinion, limiting the holding of *Steel Company;* (3) Even if the Court chooses not to decide a motion to dismiss until after

deciding the motion to remand, judicial efficiency considerations justify requiring plaintiffs to at least respond (if they can) to the pending motion to dismiss (assuming they truly oppose it); and (4) plaintiffs are asking the Court to require the movants to submit to discovery burdens even though they have not been brought within the jurisdiction of the Court by service of sufficient process.

3. As the United States Supreme Court has made clear:

> In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. See *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444-445, 66 S.Ct. 242, 90 L.Ed. 185 (1946) ("[S]ervice of summons is the procedure by which a court … asserts jurisdiction over the person of the party served."). Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend. See Fed. Rule Civ. Proc. 4(a) ("[The summons] shall … state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant."); Rule 12(a)(1)(A) (a defendant shall serve an answer within 20 days of being served with the summons and complaint). Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.

*Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-351 (1999)

4. Once it has been challenged, the burden lies on plaintiffs to prove proper service as it would with any other challenge to personal jurisdiction. *See Ishler v. C. I. R.*, ____F. Supp. 2d ____, 2006 WL 2170136 at *3 (N.D. Ala.); *Morgan v. North MS Medical Center, Inc.*, 403 F. Supp 2d 1115, 1118 (S. D. Ala. 2005); *Lasalle Bank N.A. v. Mobile Hotel Properties, LLC*, 274

F. Supp 2d 1293, 1296 (S.D. Ala. 2003); *Kelly v. Florida*, 233 F.R.D. 632, 634 (S.D. Fla. 2005); *Martin v. Salvatierra*, 233 F.R.D. 630, 631 (S.D Fla. 2005).

     5.     All movants ask is that they be properly served with sufficient process. Movants are not trying to evade the Court's jurisdiction but have, instead, provided plaintiffs with a road map on how to trigger the Court's personal jurisdiction over them. Movants are trade names or d/b/a's of ASD Specialty Healthcare, Inc., and Plaintiffs need only amend their complaint to name ASD Specialty Healthcare, Inc. as a defendant, serve that corporation, and the movants will be within the Court's jurisdiction. At that point, the case can proceed in the usual course.

     6.     The flip side of the coin is that until the procedural requirements of Rule 12(b)(4) and (5) are met, this Court does not have jurisdiction over movants and cannot even properly order movants to participate in discovery.[1]

     7.     Plaintiffs cite to the 1998 *Steel Company* opinion but fail to mention *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574 (1999). In that case, Justice Ginsburg wrote for a unanimous court:

> *Steel Co.* is the backdrop for the issue now before us. If, as *Steel Co.* held, jurisdiction generally must precede merits in dispositional order, must subject-matter jurisdiction precede personal jurisdiction on the decisional line? Or, do federal district courts have discretion to avoid a difficult question of subject matter jurisdiction when the absence of personal jurisdiction is the surer ground? The particular civil action we confront was commenced in state court and removed to federal court. The specific question on which we granted certiorari asked "[w]hether a federal district court is absolutely barred in all circumstances from dismissing a removed case for lack of personal jurisdiction without first deciding its subject matter jurisdiction." Pet. For Cert. i.
> 
> <u>We hold that in cases removed from state court to federal court, as in cases originating in federal court, there is no unyielding jurisdictional hierarchy</u>. Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there

---

[1] Movants recognize that if the discovery plaintiffs sought were aimed at, for example, the authority of those who signed for the certified mail envelopes to accept service, it might be appropriate to permit discovery regarding the factual basis for the motion to dismiss. To the extent it actually involves the remand issues, however, plaintiffs' proposed discovery deals only with the allegedly fictitious Alabama defendants and some of the factors that are part of the principal place of business analysis, and is in no way related to the motions to dismiss.

3

are circumstances in which a district court appropriately accords priority to a personal jurisdictional inquiry. The proceeding before us is such a case.

*Ruhrgas, at* 577-78 (emphasis added).

8.     In *Ruhrgas,* the lone defendant removed and filed a motion to dismiss for lack of personal jurisdiction. The plaintiffs filed a motion to remand. After permitting discovery as to matters affecting personal jurisdiction, the court granted the motion to dismiss because Ruhrgas's contacts with Texas were not sufficient to support personal jurisdiction. A Fifth Circuit panel vacated that judgment and ordered the case remanded to state court on the basis of the absence of subject matter jurisdiction. Then, sitting *en banc,* the Fifth Circuit determined (9-7) that subject matter jurisdiction should be decided first. The Supreme Court, however, reached a different result. "The Fifth Circuit incorrectly read *Steel Co.* to teach that subject-matter jurisdiction must be found to exist, not only before a federal court reaches the merits, but also before personal jurisdiction is addressed" *Id.* at 583. The Court reasoned that the character of the two jurisdictional bedrocks is unquestionably different and that "[p]ersonal jurisdiction . . . 'represents a restriction on judicial power . . . as a matter of individual liberty.'" *Id.* at 583, (quoting *Insurance Corp of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982). Quoting *In re Papandreou*, 139 F.3d 247, 255 (C.A.D.C. 1998) the Supreme Court then reiterated that a "court that dismisses on . . . non-merits grounds such as . . . personal jurisdiction, before finding subject matter jurisdiction, makes no assumption of law-declaring power that violates the separation of powers principles underlying *Mansfield* and *Steel Company.*" *Id.* at 585.

9.     As set out in *Ruhrgas* and *Papandreou* a Court can consider whether an entity otherwise properly named and served is not within the personal jurisdiction of the Court due to a lack of sufficient contacts before it considers subject matter jurisdiction. It is, therefore,

4

certainly within this Court's discretion to determine the even more basic and simple question of whether there has been service of sufficient process.

10. The indisputable fact is that both of the Movants are currently entitled to dismissal pursuant to Fed. R. Civ. P. 12(b)(4) and (5) and, if this case were pending in state court, the movants would likewise be entitled to dismissal under the parallel Alabama rules. Movants submit that even if the Court withholds ruling on the motions to dismiss at this time, there is no reason to delay submissions on the pending motions to dismiss. If this Court ultimately decides it does not have jurisdiction over the case, and has not ruled on the motions to dismiss, the issue of personal jurisdiction over these defendants will be ready for the state court to decide. If the Court decides it does have subject matter jurisdiction, it can rule on the motion to dismiss and the remaining parties can proceed more quickly toward initiating the discovery process and reaching the merits of the case. If the Court decides that the discovery process as to other jurisdictional issues cannot precede plaintiffs' properly naming and serving the purported defendants, it can so rule and plaintiffs can decide how they want to proceed.

11. As indicated previously, the jurisdiction issue also dramatically complicates plaintiffs' request for permission to engage in discovery. Without having achieved proper service on the movants, the plaintiffs attempted to serve discovery on the movants on July 19, 2006 (see Doc. 35, Ex. B). This was done while plaintiffs were contesting this Court's jurisdiction, and contemporaneously with their "offer" to participate in a parties' planning meeting. There still has been no court order that such a meeting occur, and there has been no entry of a preliminary scheduling order. Even now, plaintiffs want the Court to permit them to obtain discovery from the movants before determining whether the Court has personal jurisdiction over these parties. Putting aside the substantive problems with the plaintiffs'

5

proposal for discovery, there is a fundamental procedural one: plaintiffs have no right to obtain discovery from named parties before there has been sufficient process and sufficient service of process.

12. Movants submit that the Court should require plaintiffs to promptly submit any opposition they may have to the motion to dismiss currently pending before the Court. If plaintiffs cannot meet their burden of proving compliance with the requirements of service of process then unless and until the plaintiffs name and serve a viable defendant, this Court simply does not have jurisdiction over movants. If plaintiffs successfully oppose the motion, the Court can certainly enter discovery orders affecting movants.

## CONCLUSION

It is respectfully submitted that if the Court is not inclined to permit discovery before ruling on the remand motion, there is no reason not to order briefing at this time on the motion to dismiss as, at worst, briefing the issue now will expedite resolution of the issue whenever it is decided. If, however, the Court is even going to consider plaintiffs' request for jurisdictional discovery from movants before deciding the issue of subject matter jurisdiction, then there is no alternative but to address the Motion to Dismiss before any other issue.

Respectfully submitted,

/s/Sandy G. Robinson
**SANDY G. ROBINSON – ROBIS5756**
**IAN D. ROSENTHAL - ROSEI6905**
Attorneys for Defendants
AmerisourceBergen Corporation,
AmerisourceBergen Specialty Group, and
Oncology Supply

**CABANISS, JOHNSTON, GARDNER,
 DUMAS & O'NEAL LLP**
Post Office Box 2906
Mobile, Alabama  36652
251/415-7300 Telephone
251/415-7350 Facsimile
sgr@cabaniss.com
idr@cabaniss.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of **August, 2006,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**James R. Daly**
jrdaly@jonesday.com
mhirst@jonesday.com;ifiorentinos@jonesday.com;cdudley@jonesday.com;jgwinchester@jonesday.com

**Nada Djordjevic**
ndjordjevic@jenner.com

**Joseph C. Espy, III**
jespy@mewlegal.com clucas@mewlegal.com

**Donald E. Haviland, Jr**
donald.haviland@klinespecter.com
kathleen.spurka@klinespecter.com,jennifer.sanborn@klinespecter.com,judy.nisivoccia@klinespecter.com

**Robert A. Huffaker**
rah@rsjg.com va@rsjg.com

**George Carter Lombardi**
glombardi@winston.com

**Tabor Robert Novak, Jr**
tnovak@ball-ball.com

**Daniel Edward Reidy**
dereidy@jonesday.com

**Pamela Beard Slate**
pslate@slatekennedy.com

**Erik W. Snapp**
esnapp@winston.com kbehan@winston.com

**Shanin Specter**
shanin.specter@klinespecter.com diane.grimmie@klinespecter.com

**Robert R. Stauffer**
rstauffer@jenner.com

**Thomas P Sullivan**
tsullivan@jenner.com

**Kimberly R West**
kw@wallacejordan.com khh@wallacejordan.com

                                              /s/Sandy G. Robinson
                                              Of Counsel