# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **BLUECROSS AND BLUESHIELD OF ALABAMA; and BLUECROSS AND BLUESHIELD OF MICHIGAN,** | |
| **Plaintiffs,** | **Civil Action No.  2:06CV536** |
| **v.** | **Judge Fuller** |
| **TAP PHARMACEUTICAL PRODUCTS INC.; ABBOTT LABORATORIES; TAKEDA PHARMACEUTICAL COMPANY LIMITED; TAKEDA AMERICA HOLDINGS, INC.; ONCOLOGY SUPPLY COMPANY; AMERISOURCE BERGEN SPECIALTY GROUP; AMERISOURCE BERGEN CORPORATION; and FICTITIOUS DEFENDANTS,** | **Surreply in Opposition To Plaintiffs' Motion To Remand** |
| **Defendants.** | |

## SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Initially, in their Motion to Remand [Docket No. 25], Plaintiffs added a single paragraph citing a single case (*Kisor v. Collins*) to argue that remand should be granted solely because the civil cover sheet and some of the summonses served on Defendants were not included with the Notice of Removal.  In Opposition, Defendants cited to a bevy of cases from courts nationwide, including binding precedent of this Circuit, establishing that such an omission is not a basis for remand.  *See* Defendants' Joint Opposition [Docket No. 32] at 16-21.  In their Reply [Docket No. 37], Plaintiffs' response was not limited to addressing the cases cited by Defendants but rather cited 18 previously unmentioned cases in support of their argument.  Defendants' instant filing briefly demonstrates why these 18 additional cases do not support remand because they are cases:  (1) where the procedural defects were other than the failure to include state court papers;

(2) where remand was not ordered; or (3) which are otherwise inapplicable to the instant situation.

1.    **Cases Where the Procedural Defects Were Something Other Than Failure To File State Court Papers.**

First, Plaintiffs broadly claim that remand is required when "compliance with the procedural requirements for removal is not absolutely clear." *See* Reply at 2-3. Plaintiffs' assertion fails to recognize the distinction that courts consistently draw between certain significant defects, such as failure of all defendants to consent to the notice of removal or failure to meet the deadline for filing the notice of removal, and the omissions complained of here, which as the District Court of Kansas explained: "unlike the thirty-day removal deadline or the requirement of unanimity, . . . does not go to the heart of the attempt to invoke jurisdiction. . . ." *Yellow Transportation v. Apex Digital Inc.*, 406 F.Supp.2d 1213, 1217-18 (D.Kan. 2005) (cited in Opposition at p. 19 and Reply at pp. 7-9) (denying remand for failure to attach summons). In the following cases cited in Plaintiffs' Reply, the procedural defects causing remand were defects other than failure to file all the state court papers:

- *Adams v. Charter Communications VII, LLC,* 356 F.Supp.2d 1268 (M.D.Ala. 2005) (C.J. Fuller) (cited at p. 2 of Reply) (removal untimely);

- *Crews v. Nat'l Boat Owners Ass'n. (NBOA) Marine Ins.*, No. 2:05-CV-1057-MEF, 2006 WL 902269 (M.D.Ala. April 6, 2006) (C.J. Fuller) (cited at p. 2-3 of Reply) (removal untimely);

- *Newman v. Spectrum Stores, Inc.*, 109 F.Supp.2d 1342 (M.D.Ala. 2000) (cited at pp. 2-4 of Reply) (failure of all defendants to consent to removal);

- *Whetstone v. Fred's Stores of Tenn. Inc.*, No. 01:05-CV-1171-MEF, 2006 WL 559596, (M.D.Ala. March 7, 2006) (C.J. Fuller) (cited at pp. 2, 4, n.3 of Reply) (failure of all defendants to consent to removal);

- *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040 (11th Cir. 2001) (cited at p. 4, n.2 of Reply) (failure of all defendants to consent to removal);

- *Cartee v. Precise Cable Constr. Inc.*, CA 05-0515-C, 2005 WL 2893951 (S.D.Ala. Nov. 1, 2005) (cited at p.12, n.12 of Reply) (failure of all defendants to consent to removal);

- *Macri v. M&M Contractors, Inc.*, 897 F.Supp. 381 (N.D.Ind. 1995) (cited at p. 12 of Reply) (removing party failed to sign notice of removal, failed to serve notice on opposing counsel, and failed to file a copy of the notice of removal with the state court).

## 2.     Cases Where the Court Did Not Order Remand At All.

In the second set of cases cited in Reply, Plaintiffs utilize snippets of language while

failing to inform this Court that in these cases federal jurisdiction was maintained and remand

denied:

- *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043 (2d Cir. 1991) (cited at pp. 9-10 of Reply) (Court affirms denial of motion to remand for failure to comply with local rule, holding that district's court's "deviation from the local rules brought about a just result");

- *Peterson v. BMI Refractories*, 124 F.3d 1386 (11th Cir. 1997) (cited at p. 10 of Reply) (citing *Covington* and holding that failure to provide notice to state court of removal did not defeat federal court's decision to exercise jurisdiction over removed case);

- *Brown v. City of Meridian*, 356 F.2d 602 (5th Cir. 1966) (cited at p.10, n.9 of Reply) (reversing district court's remand order for defendants' failure to follow local rules and file duplicate notices of removal for each removing defendant)

- *Mackay v. Ulinta Development Co.*, 229 U.S. 173 (1913) (cited at p.10, n.9) (holding that federal court jurisdiction was not defeated by unidentified problem with removal);

- *Fuller v. Exxon Corp.*, 78 F.Supp.2d 1289 (S.D.Ala. 1999) (cited at p. 12 n.12 of Reply) (remand denied where party requesting remand failed to point out that not all defendants had joined).

3.    **Cases Otherwise Inapplicable To The Instant Case.**[1]

Finally, the remaining cases Plaintiffs cite in Reply for the first time also do not support

remand here:

- *St. Paul C. Ry. Co. v. McLean,* 108 U.S. 212, 216-17 (1883) (cited at p. 5 of Reply) (simply holding that it was within the district court's discretion to determine whether to remand or keep a removed case based on the failure to attach the state court file);

- *Velchez v. Carnival Corp.*, 331 F.3d 1207, 1209 (11th Cir. 2003) (cited at p.10 of Reply) (court never examined whether or not remand was appropriate, but only determined that it lacked jurisdiction to hear the appeal);

- *Employers-Shopmens Local 516 Pension Trust v. Travelers Casualty and Surety Co. of America*, No 05-444, 2005 WL 1653629 (D.Ore. July 6, 2005) (cited at pp. 6-7 of Reply), (only case to ever follow *Kisor*, in addition to the noted procedural defects, federal question jurisdiction, the only basis for removal, was lacking and remand was therefore required);

- *Bagnato v. The Home Depot*, 2004 WL 625270, *1 (W.D.N.Y. Jan. 15, 2004) (cited at p. 9 of Reply), (remand based largely on the removing defendant's total failure to "even attempt to comply" with the local rule requiring it to individually tab the entire state court file in chronological order, along with creating an index clearly identifying each document from the state court file by date);

- *State of Alabama v. Kemp*, 952 F.Supp. 722 (N.D.Ala. 1997) (cited at p.13, n.14 of Reply), (court held it had no jurisdiction over a *criminal* defendant's effort to remove a *criminal* case to federal court, while also noting that remand was appropriate given that the removal petition was untimely and did not include copies of state court process, pleadings and orders);

- *Cury v. Royal Palm Savings Assoc.*, 713 F.Supp. 388 (S.D.Fla. 1989) (cited in Reply at p.12 n.12), (case remanded based on court's incorrect conclusion that the failure to include various state court pleadings and orders with the notice of removal actually deprived it of subject matter jurisdiction; this holding has never been followed in the 17 years since it was issued).

---

[1] Plaintiffs also rely on a number of cases remanding under a Kansas local rule which specifically provides that "the court may remand any case sought to be removed to this court because of failure to comply with the provisions of this subsection." *See* Reply at n.7; Kan. L.R. 81.2. Middle District Local Rule 81.1, does not contain such language authorizing remand for omission of state court pleadings. *See* M.D.Ala. L.R. 81.1

Dated:  August 18, 2006

                                    s/ Tabor R. Novak Jr.
                                    _____

Of counsel:                         Tabor R. Novak, Jr.
Daniel E. Reidy                     BALL, BALL, MATTHEWS & NOVAK, P.A.
James R. Daly                       2000 Interstate Park Drive
JONES DAY                           Suite 204
77 West Wacker                      Montgomery, AL 36109
Chicago, IL  60601-1692             Telephone:  (334) 387-7680
Telephone:  (312) 782-3939          Facsimile:  (334) 387-3222
Facsimile:   (312) 782-8585

                                    **Counsel for Defendant**
                                    **TAP PHARMACEUTICAL PRODUCTS INC.**

Dated:  August 18, 2006

Of counsel:
George C. Lombardi
Erik W. Snapp
WINSTON & STRAWN LLP
35 West Wacker
Chicago, IL  60601
Telephone:  (312) 558-5600
Facsimile:   (312) 558-5700

s/ Robert A. Huffaker
_____
Robert A. Huffaker (ASB-7668-U79R)
RUSHTON, STAKELY, JOHNSTON &
GARRETT, P.A.
184 Commerce Street
Montgomery, Alabama 36104
Telephone:  (334) 206-3100
Facsimile:  (334) 481-0814

**Counsel for Defendant
ABBOTT LABORATORIES**

Dated:  August 18, 2006

<table>
<tr><td></td><td>s/ Joseph C. Espy III</td></tr>
</table>

Of counsel:            Joseph C. Espy III (ASB-6591-S82J)

Thomas P. Sullivan      MELTON, ESPY & WILLIAMS, P.C.

Robert R. Stauffer        301 Adams Avenue

Nada Djordjevic          Montgomery, Alabama 36104

JENNER & BLOCK LLP    Telephone: (334) 263-6621

One IBM Plaza           Facsimile: (334) 263-7252

Chicago, IL  60611

Telephone:  (312) 222-9350

Facsimile:   (312) 840-7305     **Counsel for Defendants**
                                  **TAKEDA PHARMACEUTICAL COMPANY
LIMITED AND TAKEDA AMERICA
HOLDINGS INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system served by U.S. mail:

Donald E. Haviland, Jr.
Donald.haviland@klinespecter.com,
Kathleen.spurka@klinesspecter.com
Jennifer.sanborn@klinespecter.com
Judy.nisivoccia@klinespecter.com

Sandra Grisham Robinson
sgr@xabaniss.com,
kguillot@cabaniss.com

Ian David Rosenthal
idr@cabaniss.com
stheobald@cabaniss.com

Pamela Beard Slate
pslate@slatekennedy.com

Shanin Specter
Shanin.specter@klinespecter.com
Diane.grimmie@klinespecter.com

Kimberly R. West
kw@wallacejordan.com
khh@wallacejordan.com

/s/ Tabor R. Novak, Jr.