**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| BLUECROSS AND BLUESHIELD OF ALABAMA; and BLUECROSS AND BLUESHIELD OF MICHIGAN, <br> Plaintiffs, <br><br> v. <br><br> TAP PHARMACEUTICAL PRODUCTS INC. (formerly known as TAP HOLDINGS, INC.);ET AL., <br><br> Defendants. | Case No.: **2:06-cv-536-MEF-DRB** |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS**

Come now the Plaintiffs, BlueCross and BlueShield of Alabama ("BCBSAL") and BlueCross and BlueShield of Michigan ("BCBSM"), and reply as follows to Defendants Oncology Supply Company ("OSC")'s and Amerisource Bergen Specialty Group ("ABSG")'s Opposition to Plaintiffs' Motion to Stay Proceedings Related to Defendants' Motion to Dismiss (Dkt. 38).   In their Opposition, Defendants overstate and misconstrue federal and state law, argue the merits of their Motion to Dismiss (Dkt. 33), and further oppose Plaintiffs' Motion for Limited Jurisdictional Discovery or, in the Alternative, for Rule 26(f) Scheduling Conference (Dkt. 35). For these reasons, Plaintiffs reply as follows:

1.      *Ruhrgas v. Marathon Oil Co.,* 526 U.S. 574 (1999) is not, as Defendants claim, contrary to the holding relied upon by Plaintiffs of *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83 (1998).  Instead, *Ruhrgas* weighs in favor of this Court exercising its discretion to grant

Plaintiffs' Motion to Stay (Dkt. 36), and granting Plaintiffs' Motion for Limited Jurisdictional

Discovery or, in the Alternative for Rule 26(f) Scheduling Conference (Dkt. 35).

2.    As the Fifth Circuit stated in rejecting very similar arguments to those now made by

Defendants to broadly read *Ruhrgas* to permit ruling on a motion to dismiss on grounds of forum

non conveniens before deciding subject matter jurisdiction:

> Before the Supreme Court decided *Steel Co. v. Citizens for a Better
> Environment,* 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998),
> courts sometime employed a doctrine similar to that followed by the
> ... D.C. Circuit. [*In re Minister Papandreou*, 139 F.3d 247 (D.C. Cir.
> 1998)].[1] This doctrine, called "hypothetical jurisdiction," allowed a
> court to assume jurisdiction for the purpose of deciding the merits of
> the case without first assessing the court's jurisdiction. The Court, in
> *Steel Co.*, rejected this technique and held that subject matter
> jurisdiction must be decided first. *Steel Co.,* 523 U.S. at 94, 118 S.Ct.
> 1003. In *Ruhrgas*, the Court reinforced *Steel Co.*'s holding, but
> relaxed it with respect to personal jurisdiction. That is, the Court held
> that where a district court is "convinced that the challenge to the
> court's subject-matter jurisdiction is not easily resolved" and has
> before it a straightforward personal jurisdiction issue, then the court
> does not abuse its discretion by turning directly to personal
> jurisdiction. *Ruhrgas*, 526 U.S. at 588, 119 S.Ct. 1563.

*Dominguez-Cota v. Cooper Tire & Rubber Co.,* 396 F.3d 650, 653 (5th Cir. 2005).

3.    The present personal jurisdiction question, unlike that in *Ruhrgas*, is far from

"straightforward." This is because here the controlling standard under both state and federal law as

to whether or not service on OSC, ABSG, (the alleged tradenames) and ABC (the parent

corporation) is sufficient service of process on ASD Specialty HealthCare, Inc. is whether or not

---

[1]  Defendants' present reliance on *Papandreou* is misplaced for two reasons. First, *Papandreou's*
hypothetical jurisdiction doctrine has been rejected by the *Ruhrgas* Court. Second, the *Papandreou* court did not
rule that no discovery could be had when personal jurisdiction was disputed; the court simply ruled that permissible
limited jurisdictional discovery could be had by less intrusive means than oral depositions of cabinet level officials.
*Papandreou*, 139 F.3d at 253-255.

ASD Specialty HealthCare, Inc. had fair notice it was being sued. *Lifestar Response of Alabama, Inc. v. Lemuel*, 908 So. 2d 207, 215 (Ala. 2005)[2]; *see also Brizendine v. Continental Casualty Co.,* 773 F. Supp. 313 (N.D. Ala. 1991). Unlike the case in *Ruhrgas*, there has been no limited jurisdictional discovery on the issue of personal jurisdiction.[3]

3.      Instead, it is Plaintiffs' challenge to removal due to the procedural defect in the Notice of Removal that is straightforward and easily resolved.

4.      This case is also distinguishable from *Ruhrgas* since it involves multiple defendants and a motion to remand on grounds of procedural removal defects. *See Special Investments v. Aero Air, Inc.,* 360 F.3d 989, 994-995 (9th Cir. 2004) (abuse of discretion to dismiss one defendant on personal jurisdiction grounds when other defendants left and entire case not dismissed); *Berkel v. AMEC Constr. Mgmt., Inc.*, No. Civ. A. 03-2201-GTV, 2003 WL 21448873 (D. Kan. Jun. 18, 2003) (distinguishing *Ruhrgas* and refusing to decide personal jurisdiction motion to dismiss before deciding removal procedural defect.).

5.      Defendants cite no case post-*Ruhrgas* where a district court dismissed a case on non-merits grounds before deciding a motion to remand. *Murphy Brothers, Inc.  v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (rejecting courtesy copy of filed complaint as beginning time to remove a case from state court); *Morgan v. North Mississippi Medical Center*, 403 F. Supp. 2d

---

[2]  Despite the extensive briefing OSC and ABSG have submitted on the issue of sufficiency of service of process, they have failed to cite, discuss, distinguish, or acknowledge in any way the controlling case Plaintiffs cite and re-cite in their Motion to Remand and Reply, *Lifestar*.  This conspicuous failure should be deemed assent to Plaintiffs' position.

[3]  Plaintiffs noted in their Motion to Remand (Dkt. 25 ¶ 40), that ABSG and ASD Specialty HealthCare, Inc. have the same Addison, Texas mailing address.  Further, while Plaintiffs continue to reserve the right to amend their Complaint to add in ASD Specialty HealthCare, Inc., the appropriate place to amend the complaint is in a court that has subject matter jurisdiction – the Circuit Court of Montgomery County, Alabama – after remand.

1115, 1120 (S.D. Ala. 2005) (action brought in federal court, no motion to remand; motion to dismiss denied because defendant had sufficient contacts with Alabama for the exercise of personal jurisdiction); *Kelly v. State of Florida,* 233 F.R.D. 632 (S.D. Fla. 2005) (no remand motion, court vacated default judgment because plaintiff failed to properly serve state agency); *Martin v. Salvatierra,* 233 F.R.D. 630 (S.D. Fla. 2005) (no remand motion, court quashed service on motion of defendant, and plaintiff given extension of time to effectuate service of process); *Lasalle Bank v. Mobile Hotel Properties, LLC,* 274 F. Supp. 2d 1293 (S.D. Ala. 2003) (case filed in federal court, no remand motion, ruling on motions to dismiss and to transfer); *see also Sbarro, Inc. v. Karykous*, No. CV 05 2311 CPS, 2005 WL 1541048, at *2 (E.D.N.Y. Jun. 29, 2005) ("Defendants' personal jurisdiction arguments are appropriately addressed by the state court upon remand.").

6.     Nor do Defendants cite any case in support of their claim that this Court lacks authority to grant Plaintiffs' request to engage in limited jurisdictional discovery. That is because it is well settled that plaintiffs have a right to engage in limited jurisdictional discovery as to the issue of personal jurisdiction. *See Ruhrgas,* 526 U.S. at 580; *Chudasma v. Mazda Motor Corp.,* 123 F.3d 1353, 1368 (11th Cir. 1997) ("resolution of a pretrial motion that turns on findings of fact -- for example a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) -- may require some limited discovery before a meaningful ruling can be made."); *HomeBingo Network, Inc. v. Chayesky,* 428 F. Supp. 2d 1232, 1240 n. 9 (S.D. Ala. 2006) (quoting *Arista Records, Inc. v. Sakfield Holding Co. S.L.,* 314 F. Supp. 27, 29 (D.D.C. 2004), "explaining that: [a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.").

7.     This Court should also decline Defendants' request to have the briefing on their motion done before remand is decided.  The issue of the interpretation of Alabama law, specifically sufficiency of service of process on a trade name d/b/a entity, should be handled by the court from which this case was improvidently removed; the same court that decided this issue and was affirmed by the Alabama Supreme Court in *Lifestar Response of Alabama, Inc. v. Lemuel*, 908 So. 2d 207, 215 (Ala. 2005)(on appeal from Circuit Court of Montgomery County, Alabama, Price, J.).

For these reasons, Plaintiffs respectfully request that this Court grant their Motion to Stay Proceedings Related to Defendants' Motion to Dismiss until such time as this Court rules on Plaintiffs' Motion to Remand.

Respectfully submitted,

Dated:  August 29, 2006                     /s/ Pamela B. Slate
                                            Pamela B. Slate (ASB-8938-A43P)
                                            pslate@slatekennedy.com
                                            SLATE KENNEDY LLC
                                            166 Commerce Street, Suite 350
                                            Montgomery, AL 36104
                                            Telephone:     (334) 262-3300
                                            Facsimile:     (334) 262-3301

                                            Kimberly R. West (ASB-2419-E65K)
                                            kw@wallacejordan.com
                                            WALLACE JORDAN RATLIFF & BRANDT LLC
                                            P.O. Box 530910
                                            Birmingham, AL 35298
                                            Telephone:     (205) 870-0555
                                            Facsimile:     (205) 871-7534

Donald E. Haviland, Jr.
Donald.Haviland@KlineSpecter.com
**KLINE & SPECTER**
**A PROFESSIONAL CORPORATION**
1525 Locust Street, 19th Floor
Philadelphia, PA  19102
Telephone:     (215) 772-1000
Facsimile:      (215) 735-0957

**ATTORNEYS FOR PLAINTIFFS**
**BLUECROSS AND BLUESHIELD OF ALABAMA AND**
**BLUECROSS AND BLUESHIELD OF MICHIGAN**

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on this date, August 29, 2006, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following:

### COUNSEL FOR DEFENDANT TAP PHARMACEUTICAL PRODUCTS, INC.

Tabor Robert Novak, Jr., Esquire
Ball Ball Matthews & Novak PA
P.O. Box 2148
Montgomery, AL 36102-2148
Telephone:     (334) 387-7680
Facsimile:     (334) 387-3222
tnovak@ball-ball.com

Daniel Edward Reidy, Esquire
Jones Day
77 West Wacker Drive
Chicago, IL 60601-1692
Telephone:     (312) 269-4140
Facsimile:     (312) 782-8585
dereidy@jonesday.com

James R. Daly, Esquire
Jones Day
77 West Wacker Drive
Chicago, IL 60601-1692
Telephone:     (312) 782-4141
Facsimile:     (312) 782-8585
jrdaly@jonesday.com

### COUNSEL FOR DEFENDANT ABBOTT LABORATORIES

Robert A. Huffaker, Esquire
Rushton Stakely Johnston & Garrett PC
P.O. Box 270
Montgomery, AL 36101-0270
Telephone:     (334) 206-3100
Facsimile:     (334) 262-6277
rah@rsjg.com

Erik W. Snapp, Esquire
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone:     (312) 558-5600
Facsimile:     (312) 558-5700
esnapp@winston.com

George Carter Lombardi, Esquire
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone:     (312) 558-5969
Facsimile:     (312) 558-5700
glombardi@winston.com

**COUNSEL FOR DEFENDANTS TAKEDA AMERICA HOLDINGS, INC.**
**and**
**TAKEDA PHARMACEUTICAL COMPANY LIMITED**

Joseph C. Espy, III, Esquire
Melton Espy & Williams, PC
P.O. Drawer 5130
Montgomery, AL 36103-5130
Telephone:    (334) 263-6621
Facsimile:    (334) 263-7252
jespy@mewlegal.com

Nada Djordjevic, Esquire
Jenner & Block LLP
One IBM Plaza
330 North Wabash Avenue
Chicago, IL 60611
Telephone:    (312) 222-9350
Facsimile:    (312) 840-7305
ndjordjevic@jenner.com

Robert R. Stauffer, Esquire
Jenner & Block LLP
One IBM Plaza
330 North Wabash Avenue
Chicago, IL 60611
Telephone:    (312) 923-2905
Facsimile:    (312) 840-7305
rstauffer@jenner.com

Thomas P Sullivan, Esquire
Jenner & Block, LLP
One IBM Plaza
330 North Wabash Avenue
Chicago, IL 60611
Telephone:    (312) 923-2928
Facsimile:    (312) 840-7305
tsullivan@jenner.com

**COUNSEL FOR DEFENDANTS AMERISOURCE BERGEN CORPORATION,**
**AMERISOURCE BERGEN SPECIALTY GROUP,**
**and**
**ONCOLOGY SUPPLY COMPANY**

Sandra Grisham Robinson, Esquire
Cabaniss Johnston Gardner Dumas & O'Neal
P.O. Box 2906
Mobile, AL 36652-2906
Telephone:    (251) 415-7308
Facsimile:    (251) 415-7350
sgr@cabaniss.com

Ian David Rosenthal, Esquire
Cabaniss Johnston Gardner Dumas & O'Neal
P.O. Box 2906
Mobile, AL 36652-2906
Telephone:    (251) 415-7309
Facsimile:    (251) 415-7350
idr@cabaniss.com

/s/ Pamela B. Slate
Pamela B. Slate (ASB-8938-A43P)
pslate@slatekennedy.com
SLATE KENNEDY LLC
166 Commerce Street, Suite 350
Montgomery, AL 36104
Telephone:    (334) 262-3300
Facsimile:    (334) 262-3301

-8-