# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **BLUECROSS AND BLUESHIELD OF ALABAMA; and BLUECROSS AND BLUESHIELD OF MICHIGAN,**<br><br>Plaintiffs,<br><br>v.<br><br>**TAP PHARMACEUTICAL PRODUCTS INC. (formerly known as TAP HOLDINGS, INC.), ET AL.,**<br><br>Defendants. | **CASE NO. 2:06-CV-536-MEF-DRB** |

**PLAINTIFFS' SUR-SURREPLY IN SUPPORT OF
MOTION TO REMAND TO STATE COURT**

In their Surreply in Opposition to Plaintiffs' Motion to Remand (Dkt. 39-1) ("Defs. Surreply"), Defendants criticize Plaintiffs for directing the Court to numerous cases that exposed the inaccuracies in Defendants' unsubstantiated assertions of law. Defs. Opp. (Dkt. 32) at 16 (claiming that "almost every federal court nationwide," or "a vast majority of the courts," have rejected Plaintiffs' position); *id.* at 17 (asserting that Judge Acker's opinion in *Kisor* has been "widely rejected."). Unfortunately, Plaintiffs are required set the record straight again, and thus here respond to Defendants' continued penchant for inaccuracy, hyperbole and overstatement. Nothing in Defendants' responses and replies changes the law: this case is due to be remanded because of the procedural defect in the removal.

First, Defendants attempt to distinguish the cases they categorize as "cases where the

procedural defects were something other than failure to file state court papers,"[1] by arguing that there are varying degrees of procedural defects, some of which lead to remand and some that do not. Yet, even in *Issa v. Priority Transportation, LLC*, No. 1:05-CV-394-TS, 2006 WL 304028 (N.D. Ind. Feb. 7, 2006), which *Defendants cited* in their original opposition to remand, the court held that "[i]t would serve no purpose and only confuse matters by adopting different standards for different procedural defects." *Id.* at *2. The cases cited by Plaintiffs irrefutably hold that the removing party's failure to show that there has been strict compliance with the procedural requirements for removal will result in remand, if the procedural defects are raised by a timely motion to remand.

Defendants argue that "Plaintiffs broadly claim that remand is required when 'compliance with the procedural requirements for removal is not absolutely clear,'" Defs. Surreply at 2, but fail to note that the passage quoted was not merely Plaintiffs' "claim," but a quote from this Court's opinion in *Crews v. National Boat Owners Ass'n (NBOA) Marine Ins.*, No. 2:05-CV-1057-MEF, 2006 WL 902269, at *4 (M.D. Ala. Apr. 6, 2006) (Fuller, C.J.). Indeed, the full quote is: "[C]lear Eleventh Circuit precedent mandat[es] remand of removed cases where federal jurisdiction and compliance with the procedural requirements for removal is not absolutely clear." *Id.* No distinction is drawn in the statute, in the local rule, or in these cases, as Defendants imply, that one procedural requirement is more important than another.

Defendants' second categorization of cases cited by Plaintiffs is "cases where the court did

---

[1] *Adams v. Charter Communications VII, LLC*, 356 F. Supp. 2d 1268 (M.D. Ala. 2005) (Fuller, C.J.); *Crews v. Nat'l Boat Owners Ass'n (NBOA) Marine Ins.*, No. 2:05-CV-1057-MEF, 2006 WL 902269 (M.D. Ala. Apr. 6, 2006) (Fuller, C.J.); *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342 (M.D. Ala. 2000); *Whetstone v. Fred's Stores of Tenn., Inc.*, No. 1:05-CV-1171-MEF, 2006 WL 559596 (M.D. Ala. Mar. 7, 2006) (Fuller, C.J.), *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040 (11th Cir. 2001); *Macri v. M&M Contractors, Inc.*, 897 F. Supp. 381 (N.D. Ind. 1995).

not order remand at all," and they accuse the Plaintiffs of failing to inform this Court that remand was denied. Plaintiffs certainly did not argue that cases were remanded when they were not, and Defendants' implication that denial of remand in one case supports denial in another is not supportable.

For instance, Defendants summarize *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043 (2d Cir. 1991), as affirming "denial of motion to remand for failure to comply with local rule," Defs. Surreply at 3, but ignore that (a) where there was no question that the defendant had provided the clerk with everything required by the removal statute within the 30-day removal period, the court forgave non-compliance with local rules applicable to filings in that district generally (there were no local rules regarding removal referenced in the case), (b) that the district court in *Bagnato v. The Home Depot*, No. 03-CV-0789E(SC), 2004 WL 625270 (W.D.N.Y. Jan. 15, 2004), relied on *Somlyo* in granting remand for the removing defendant's failure to file copies of all state court papers, as required by the local removal rule, and (c) other courts have remanded cases citing *Somlyo*'s direction to "'construe the removal statute narrowly, resolving any doubts against removability.'" *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, No. 1:00-1898, MDL 1358(SAS), M 21-88, 2006 WL 1004725, at *7 (S.D.N.Y. Apr. 17, 2006) (quoting *Somlyo*, 932 F.2d at 1046); *see also Sbarro, Inc. v. Karykous*, No. CV 05 2311 CPS, 2005 WL 1541048, at *2 (E.D.N.Y. Jun. 29, 2005) (remanding the action to state court, and citing *Somlyo* as authority for strictly construing removal procedures).

Defendants describe *Peterson v. BMI Refractories*, 124 F.3d 1386 (11th Cir. 1997) and *Mackay v. Ulinta Development Co.*, 229 U.S. 173 (1913) as holding that procedural defects alone do not defeat federal jurisdiction, Defs. Surreply at 3, but continue to ignore the distinction between

3

procedural defects that are waivable, and jurisdictional defects that are not. Defendants have no response to the Eleventh Circuit's statement in *Peterson* that a timely raised procedural defect, as in this case, is a ground for remand. *Id.* at 1395.

Defendants assert that, in *Brown v. City of Meridian*, 356 F.2d 602 (5th Cir. 1966), the Fifth Circuit reversed the "district court's remand order for defendant's failure to follow local rules," Defs. Surreply at 3, but ignore that the reversal was based on the fact that compliance with local rules "would so delay matters as to operate to deprive petitioners of effective access to federal courts," *id.* at 606, a situation not present here.

Defendants describe *Fuller v. Exxon Corp.*, 78 F. Supp. 2d 1289 (S.D. Ala. 1999) as follows: "remand denied where party requesting remand failed to point out that not all defendants had joined." Yet, Defendants continue to ignore that in that case the procedural defect was not raised within the requisite 30 days, as it is here. *Id.* at 1294.

Defendants' final categorization of cases cited in Plaintiffs' Reply in Support of Remand is "Cases Otherwise Inapplicable to the Instant Case." Defs. Surreply at 4. Defendants' attempts to distinguish these cases similarly miss the mark.

In *St. Paul & C. R. Co. v. McLean*, 108 U.S. 212 (1883), the Supreme Court did not "simply hold[] that it was within the district court's discretion to determine whether to remand or keep a removed case based on the failure to attach the state court file," as Defendants assert. Defs. Surreply at 4. The court specifically found that, as in this case, the inadvertent failure to attach the court file "did not constitute a sufficient legal reason for not complying with the statute." *St. Paul*, 108 U.S. at 217.

In *Velchez v. Carnival Corp.*, 331 F.3d 1207 (11th Cir. 2003), the Eleventh Circuit determined

4

that it lacked jurisdiction to hear the appeal, as Defendants assert, but only because remand was based on plaintiff's timely objection to the removing defendants' failure to attach a copy of all pleadings and process served, as required by 28 U.S.C. § 1446(a). If this were not a valid ground for remand, the court would have had jurisdiction to review the remand decision. *See, e g., In re Ocean Marine Mut. Protection & Indem. Ass'n, Ltd.*, 3 F.3d 353, 355 (11th Cir. 1993) (recognizing that "[r]emands based on considerations outside § 1447(c), *e.g.*, a crowded docket, were an exception to § 1447(d) and remained subject to review on mandamus.").

Defendants' only criticisms of *Employers-Shopmens Local 516 Pension Trust v. Travelers Casualty & Surety Co.*, No. 05-444, 2005 WL 1653629 (D. Ore. Jul. 6, 2005), are that it is the only case that has cited *Kisor* in support of remand, and that it was also remanded for lack of subject matter jurisdiction. While *Kisor* may not be the case cited in remand decisions other than *Employers*, the cases upon which Plaintiffs rely follow the same rationale as *Kisor*, that procedural defects are grounds for remand if raised by a timely motion to remand. In addition, it should go without saying that, the fact that the court also lacks subject matter jurisdiction (as it does here) is no reason to ignore the procedural defects in removal.

Next, Defendants claim that the action in *Bagnato v. The Home Depot*, 2004 WL 625270 (W.D.N.Y. Jan. 15, 2004) was remanded "based largely on the removing defendant's total failure to 'even attempt to comply' with the local rule requiring it to individually tab the entire state court file in chronological order, along with creating an index clearly identifying each document from the state court file by date." Defs. Surreply at 4. While the local rule at issue in *Bagnato* did require that the state court file be tabbed and indexed, it also required that it be *filed*, just like M.D. Ala. LR 81.1. The defendant in *Bagnato*, just like the defendants here, did not "even attempt to comply" with the

5

local rule because the complete state court record was not filed.

Defendants then attempt to distinguish *State of Alabama v. Kemp*, 952 F. Supp. 722 (N.D. Ala. 1997), simply because it was a criminal case, but ignore that 28 U.S.C. 1446(a), which requires the filing of all process and pleadings served on the removed defendants, is equally applicable to both civil and criminal actions. 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action *or criminal procecution* from a State court shall file . . . a notice of removal . . . together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.") (emphasis added).

Defendants also criticize *Cury v. Royal Palm Savings Assoc.*, 713 F. Supp. 388 (S.D. Fla. 1989) as finding no subject matter jurisdiction where the removing defendant failed to file the requisite process and pleadings, and because *Cury* has not been cited by another court. Defs. Surreply at 4. First, that the court's remand decision was couched in terms of subject matter jurisdiction does not mean that failure to comply with removal procedures was not a ground to remand, which it clearly is. Second, that *Cury* is not cited by another court does not mean that its rationale is not supported by many other courts, which it clearly is. In any event, courts do not base their decisions on the number of times a case has or has not been cited by other courts, but on whether the rationale expressed in the case is supported by binding and persuasive authority.

Finally, Defendants try to distinguish all the District of Kansas cases in which actions were remanded for failure to comply with the local rule requiring the filing of the state court record, by noting that the Kansas local rule stated expressly that failure to comply with the rule would be a ground for remand. Defs. Surreply at 4 n.1. Of course, M.D. Ala. LR 81.1 provides that a party desiring to remove an action to this Court "*must* file, *simultaneously* with the notice of removal, clear

6

and legible copies of all records and proceedings from the state court." *Id.* (emphasis added). In addition, M.D. Ala. LR 1.2 provides that "[t]he court may impose a sanction for the violation of any local rule." *Id.* Defendants cannot plausibly argue that they were not on notice that their failure to comply with the local removal rule could not result in remand. In any event, other courts, such as the court in *Bagnato*, have remanded actions for failure to comply with local removal rules, without the express language found in the Kansas local rule. *See* W.D.N.Y. Local Rule 81, http://www.nywd.uscourts.gov/document/civilamendments2004.pdf.

With respect to the procedural defects of the removal of this case, Plaintiffs did not simply "add a single paragraph citing a single case," as Defendants assert. Defs. Surreply at 1. In fact, the very first basis for remand discussed in the Motion to Remand (Dkt. 25), is the procedural deficiencies in the removal. In their Motion to Remand (Dkt. 25), Plaintiffs cited to 28 U.S.C. § 1446(a), which clearly requires Defendants to file the process served on each of them with their Notice of Removal, and to 28 U.S.C. § 1446(b), which requires that such documents be filed within 30 days after service. Motion to Remand (Dkt. 25) ¶ 1. In their Supplement to Motion to Remand (Dkt. 27), Plaintiffs cited M.D. Ala. LR 81.1, which provides that the removing party "must file, simultaneously with the notice of removal, clear and legible copies of all records and proceedings from the state court." Plaintiffs did cite to only one case, *Kisor v. Collins*, 338 F. Supp. 2d 1279, 1281 (N.D. Ala. 2004), but it is a case from a sister district court, is on all-fours with this case, and explains the importance of procedural requirements and the necessity of objecting to procedural defects within 30 days from removal.

*Kisor*'s rationale is soundly supported by ample other authority, which Plaintiffs cited to this Court in response to Defendants' sweeping misstatements and overstatements with respect to the

7

procedural requirements of removal. Defendants' removal was procedurally defective, and Plaintiffs timely raised the defects in their Motion to Remand. On this basis alone, the Motion to Remand should be granted.

Respectfully submitted,

/s/ Pamela B. Slate
Pamela B. Slate (ASB-8938-A43P)
pslate@slatekennedy.com
**SLATE KENNEDY LLC**
166 Commerce Street, Suite 350
Montgomery, AL 36104
Telephone:   (334) 262-3300
Facsimile:    (334) 262-3301

Kimberly R. West (ASB-2419-E65K)
kw@wallacejordan.com
**WALLACE, JORDAN, RATLIFF & BRANDT, LLC**
P.O. Box 530910
Birmingham, AL 35298
Telephone:   (205) 870-0555
Facsimile:    (205) 871-7534

Donald E. Haviland, Jr.
Donald.Haviland@KlineSpecter.com
**KLINE & SPECTER**
A PROFESSIONAL CORPORATION
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
Telephone:   (215) 772-1000
Facsimile:    (215) 735-0957

**ATTORNEYS FOR PLAINTIFFS
BLUE CROSS AND BLUE SHIELD OF ALABAMA AND
BLUE CROSS AND BLUE SHIELD OF MICHIGAN**

## CERTIFICATE OF SERVICE

I hereby certify that on this date, August 29, 2006, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following:

**COUNSEL FOR DEFENDANT TAP PHARMACEUTICAL PRODUCTS, INC.**

Tabor Robert Novak, Jr., Esquire
Ball Ball Matthews & Novak PA
P.O. Box 2148
Montgomery, AL 36102-2148
Telephone:   (334) 387-7680
Facsimile:   (334) 387-3222
tnovak@ball-ball.com

Daniel Edward Reidy, Esquire
Jones Day
77 West Wacker Drive
Chicago, IL 60601-1692
Telephone:   (312) 269-4140
Facsimile:   (312) 782-8585
dereidy@jonesday.com

James R. Daly, Esquire
Jones Day
77 West Wacker Drive
Chicago, IL 60601-1692
Telephone:   (312) 782-4141
Facsimile:   (312) 782-8585
jrdaly@jonesday.com

**COUNSEL FOR DEFENDANT ABBOTT LABORATORIES**

Robert A. Huffaker, Esquire
Rushton Stakely Johnston & Garrett PC
P.O. Box 270
Montgomery, AL 36101-0270
Telephone:   (334) 206-3100
Facsimile:   (334) 262-6277
rah@rsjg.com

Erik W. Snapp, Esquire
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone:   (312) 558-5600
Facsimile:   (312) 558-5700
esnapp@winston.com

George Carter Lombardi, Esquire
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone:   (312) 558-5969
Facsimile:   (312) 558-5700
glombardi@winston.com

**COUNSEL FOR DEFENDANTS TAKEDA AMERICA HOLDINGS, INC.**
**and**
**TAKEDA PHARMACEUTICAL COMPANY LIMITED**

Joseph C. Espy, III, Esquire
Melton Espy & Williams, PC
P.O. Drawer 5130
Montgomery, AL 36103-5130
Telephone:   (334) 263-6621
Facsimile:    (334) 263-7252
jespy@mewlegal.com

Nada Djordjevic, Esquire
Jenner & Block LLP
One IBM Plaza
330 North Wabash Avenue
Chicago, IL 60611
Telephone:   (312) 222-9350
Facsimile:    (312) 840-7305
ndjordjevic@jenner.com

Robert R. Stauffer, Esquire
Jenner & Block LLP
One IBM Plaza
330 North Wabash Avenue
Chicago, IL 60611
Telephone:   (312) 923-2905
Facsimile:    (312) 840-7305
rstauffer@jenner.com

Thomas P Sullivan, Esquire
Jenner & Block, LLP
One IBM Plaza
330 North Wabash Avenue
Chicago, IL 60611
Telephone:   (312) 923-2928
Facsimile:    (312) 840-7305
tsullivan@jenner.com

**COUNSEL FOR DEFENDANTS AMERISOURCE BERGEN CORPORATION,**
**AMERISOURCE BERGEN SPECIALTY GROUP,**
**and**
**ONCOLOGY SUPPLY COMPANY**

Sandra Grisham Robinson, Esquire
Cabaniss Johnston Gardner Dumas & O'Neal
P.O. Box 2906
Mobile, AL 36652-2906
Telephone:   (251) 415-7308
Facsimile:    (251) 415-7350
sgr@cabaniss.com

Ian David Rosenthal, Esquire
Cabaniss Johnston Gardner Dumas & O'Neal
P.O. Box 2906
Mobile, AL 36652-2906
Telephone:   (251) 415-7309
Facsimile:    (251) 415-7350
idr@cabaniss.com

/s/ Pamela B. Slate
Pamela B. Slate (ASB-8938-A43P)
pslate@slatekennedy.com
**SLATE KENNEDY LLC**
166 Commerce Street, Suite 350
Montgomery, AL 36104
Telephone:   (334) 262-3300
Facsimile:    (334) 262-3301

10