IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| BLUECROSS AND BLUESHIELD OF ALABAMA; and BLUECROSS AND BLUESHIELD OF MICHIGAN,<br><br>Plaintiffs,<br><br>v.<br><br>TAP PHARMACEUTICAL PRODUCTS INC.; ABBOTT LABORATORIES; TAKEDA PHARMACEUTICAL COMPANY LIMITED; TAKEDA AMERICA HOLDINGS, INC.; ONCOLOGY SUPPLY COMPANY; AMERISOURCE BERGEN SPECIALTY GROUP; AMERISOURCE BERGEN CORPORATION; and FICTITIOUS DEFENDANTS,<br><br>Defendants. | Civil Action No. 2:06CV536<br><br>Judge Fuller<br><br>Defendants' Supplemental Memorandum Regarding Dismissal of Oncology Supply |

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM REGARDING DISMISSAL OF ONCOLOGY SUPPLY

In light of the Court's recent dismissal of the "Amerisource" defendants (Amerisource Bergen Corp., Amerisource Bergen Specialty Group, and Oncology Supply Company ("Oncology Supply")) from this lawsuit as a result of their settlement with Plaintiffs, the remaining Defendants TAP Pharmaceutical Products Inc. ("TAP"), Abbott Laboratories ("Abbott"), Takeda Pharmaceutical Company Limited ("Takeda") and Takeda America Holdings Inc. ("TAH")[1] submit this supplemental memorandum to demonstrate why the issue of Oncology Supply's citizenship no longer should be considered in deciding Plaintiffs' pending Motion to Remand. *See* Docket 25.

---

[1] In their answers, both Takeda and TAH have asserted personal jurisdiction and service of process defenses, and those defenses have not been waived and continue to be preserved.

One of Plaintiffs' contentions in support of remand is their argument that Oncology Supply is an Alabama citizen, whose presence as a defendant destroys complete diversity. *See id.* Defendants opposed remand, demonstrating that Oncology Supply is not in fact an Alabama citizen and therefore does not destroy diversity. *See* Docket 32 at 3-10. In addition, the Amerisource defendants moved for dismissal of Oncology Supply based on the fact that Oncology Supply is simply a trade name and not a separate legal entity capable of being sued. *See* Docket 33. Plaintiffs then requested the opportunity to engage in jurisdictional discovery into Oncology Supply's citizenship. *See* Docket 35. These motions remained pending at the time that the Court entered its order of dismissal with prejudice.

Now that Oncology Supply has been dismissed, this Court no longer needs to determine whether or not Oncology Supply is an Alabama citizen in determining whether complete diversity exists. In similar situations, even assuming that the dismissed defendant's citizenship would otherwise prevent complete diversity, a number of federal courts have refused to consider the citizenship of a party dismissed after removal when assessing whether complete diversity exists for ruling on a motion to remand. *See e.g. Weaver v. Murry*, No. 06-595, 2006 WL 1968912 (E.D.La. June 21, 2006) (discussed *infra*); *Amazon, Inc. v. Cannondale Corp.*, No. 99-00571, 2006 WL 650682, *9 (D.Colo. March 10, 2006); *Dale v. First American Nat'l Bank*, 370 F.Supp.2d 546, 550-51 (S.D.Miss. 2005).

These courts based their decisions to ignore the citizenship of a dismissed party and deny remand on the Supreme Court's analysis in *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996), and *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004). In *Caterpillar*, the Court held that, because the requirement that complete diversity exist at the time of removal is a statutory requirement rather than jurisdictional requirement, dismissal of the non-diverse defendants after

removal cures the original lack of complete diversity at the time of removal and permits the federal court to retain jurisdiction over the case. 519 U.S. at 73-74. Eight years later, in *Grupo Dataflux*, the Court noted that "dismissal of the party that had destroyed diversity" is the "method of curing a jurisdictional defect that has long been an exception" to the rule that complete diversity must exist at the time of filing. 541 U.S. at 572.[2]

Application of these principles is illustrated by the U.S. District Court for the Eastern District of Louisiana's recent *Weaver* decision. There, a group of Louisiana plaintiffs sued a group of Texas defendants, along with one defendant whose citizenship was disputed (plaintiffs alleged she was a citizen of Louisiana, thus destroying diversity; defendants claimed she was actually a Texas citizen). *See Weaver*, 2006 WL 1968912 at *1. Defendants removed the case to federal court, alleging that complete diversity existed. *Id.* While plaintiffs' motion to remand the case to state court was pending, the Court granted defendants' unopposed motion to dismiss the defendant whose citizenship was in dispute, based on failure of service of process. Once this defendant was dismissed, complete diversity unquestionably existed. *Id.* In deciding plaintiffs' motion for remand, the Court assumed for purposes of analysis that at the time the case was removed, complete diversity did not exist. The Court nonetheless found that "because the necessity of complete diversity *at the time of removal* is a statutory, rather than a jurisdictional necessity, if the nondiverse party is subsequently dismissed and only diverse parties remain, the lack of complete diversity at the time of removal does not require remand." *Id.* (emphasis in original). Instead, the Court held that "considerations of efficiency and economy mandate denying" that motion. *Id.* Specifically:

> If the court were to give dispositive weight to the [dismissed defendant's] citizenship at the time of removal, the parties would

---

[2] As discussed in the prior briefing, Oncology Supply is not an Alabama citizen and therefore its presence in this lawsuit did not destroy diversity in the first place. *See* Docket 32 at 3-10.

- 3 -

CHI-1571083v2

> need to conduct additional jurisdictional discovery regarding whether [the dismissed defendant] was a citizen of Texas or a citizen of Louisiana, even though [the dismissed defendant] has already been dismissed as a party [citing to Plaintiffs' motion to conduct jurisdictional discovery]. Should the court remand the case due to lack of complete diversity at the time of removal, defendants could potentially remove the action again.

*Id.* at *2 *citing Dale*, 370 F.Supp.2d at 551 n.4 (holding that necessity of conducting jurisdictional discovery relating to status of dismissed party and possibility of re-removal following remand justified denying motion to remand).

Plaintiffs' dismissal of Oncology Supply, with prejudice, provides unequivocal support for denying their request for remand, as any claimed defect to complete diversity posed by Oncology Supply's presence has now been cured. Thus, Defendants TAP, Abbott, Takeda, and TAH respectfully request this Court no longer consider the question of Oncology Supply's citizenship in deciding Plaintiffs' Motion to Remand, deny Plaintiffs' request for jurisdictional discovery regarding the same, and deny Plaintiffs' Motion to Remand.

Dated: February 6, 2007

Of counsel:
Daniel E. Reidy
James R. Daly
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

s/ Tabor R. Novak Jr.
Tabor R. Novak, Jr.
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109
Telephone: (334) 387-7680
Facsimile: (334) 387-3222

**Counsel for Defendant
TAP PHARMACEUTICAL PRODUCTS INC.**

CHI-1571083v2

Dated: February 6, 2007

| | |
|---|---|
| Of counsel:<br>George C. Lombardi<br>Erik W. Snapp<br>WINSTON & STRAWN LLP<br>35 West Wacker<br>Chicago, IL 60601<br>Telephone: (312) 558-5600<br>Facsimile: (312) 558-5700 | s/ Robert A. Huffaker<br>Robert A. Huffaker (ASB-7668-U79R)<br>RUSHTON, STAKELY, JOHNSTON &<br>GARRETT, P.A.<br>184 Commerce Street<br>Montgomery, Alabama 36104<br>Telephone: (334) 206-3100<br>Facsimile: (334) 481-0814<br><br>**Counsel for Defendant**<br>**ABBOTT LABORATORIES** |

Dated: February 6, 2007

Of counsel:
Thomas P. Sullivan
Robert R. Stauffer
Nada Djordjevic
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Telephone: (312) 222-9350
Facsimile: (312) 840-7305

s/ Joseph C. Espy III
Joseph C. Espy III (ASB-6591-S82J)
MELTON, ESPY & WILLIAMS, P.C.
301 Adams Avenue
Montgomery, Alabama 36104
Telephone: (334) 263-6621
Facsimile: (334) 263-7252

**Counsel for Defendants**
**TAKEDA PHARMACEUTICAL COMPANY**
**LIMITED AND TAKEDA AMERICA**
**HOLDINGS INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2007, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system served by U.S. mail:

Donald E. Haviland, Jr.
Donald.haviland@klinespecter.com,
Kathleen.spurka@klinesspecer.com
Jennifer.sanborn@klinespecter.com
Judy.nisivoccia@klinespecter.com

Pamela Beard Slate
pslate@slatekennedy.com

Kimberly R. West
kw@wallacejordan.com
khh@wallacejordan.com

/s/ Tabor R. Novak, Jr.
OF COUNSEL