IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

BLUECROSS AND BLUESHIELD OF ALABAMA; and )
BLUECROSS AND BLUESHIELD OF MICHIGAN, )
                                        )
                        Plaintiffs,     )
                                        )
            v.                          )     Case No.  2:06-cv-536-MEF
                                        )
TAP PHARMACEUTICAL PRODUCTS INC. (formerly )
known as TAP HOLDINGS, INC.); ET AL.,   )
                                        )
                        Defendants.     )

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM
<u>REGARDING DISMISSAL OF ONCOLOGY SUPPLY</u>**

This case was filed in state court on May 12, 2006. The Complaint alleges claims against various defendants, including several in-state, non-diverse defendants. These defendants include Oncology Supply Company ("Oncology Supply"), based in Dothan Alabama, and several "doctor defendants and medical providers located throughout the state of Alabama." Complaint ¶ 44. As set forth in detail in Plaintiffs' prior briefs in support of remand, the procedural defects in the removal and the lack of complete diversity between Plaintiffs and all defendants warrants remand of this case back to state court.

In intervening months, while the matter of Plaintiff's Motion for Remand has been pending in this Court, Plaintiffs were successful in reaching an agreement with defendants Amerisource Bergen Corp., Amerisource Bergen Specialty Group, and Oncology Supply (collectively "ABC Defendants") to dismiss them as defendants. The law favors such agreements, and nothing about the removal/remand jurisprudence cited by the parties to this Court undermines this basic preference of the courts. Yet, the remaining named defendants, TAP, Takeda and TAH ("Moving Defendants")

seek to capitalize on the stipulation of dismissal of the ABC Defendants by urging that it somehow restores complete diversity among all defendants in this case and provides grounds to deny Plaintiffs' Motion to Remand. Moving Defendants are wrong for at least two reasons.

First, despite the dismissal of Dothan-based Oncology Supply, complete diversity remains lacking in this case due to the presence of the "John Doe" doctor defendants. Therefore, this Court still lacks subject matter jurisdiction over this action. Second, the procedural errors that plagued defendants' removal of this case require remand, regardless of whether this Court has subject matter jurisdiction. The dismissal of the ABC Defendants does nothing to change that. For both these reasons, Plaintiffs' Motion to Remand should be granted without regard to the dismissal of the ABC Defendants.

## I.    Dismissal of the ABC Defendants Does Not Create Complete Diversity Because Non-Diverse Defendants Are Still Present.

In this case, unlike the typical situation, Plaintiffs are aware that a number of doctors throughout Alabama have necessarily participated in the subject fraudulent scheme and conspiracy. Plaintiffs simply do not yet know the identity of those Alabama doctors. To uncover the information necessary to amend their pleading in this Court to identify these non-diverse parties, Plaintiffs have sought leave of this Court to conduct discovery of in-state doctors. (That Motion remains pending, along with the Plaintiffs' Motion for Remand). As such, given that the discovery of these non-diverse defendants' identities is outstanding, coupled with the fact that Moving Defendants are aware of the identities of the Alabama doctors with whom they conspired in the fraud, their presence in this case defeats the complete diversity requirement of 28 U.S.C. 1332. *See Tompkins v. Lowe's Home Center, Inc.,* 847 F. Supp. 462, 464 (E.D. La. 1994) ("It would be unfair to plaintiffs to force them

from their chosen state court forum into federal court by allowing [defendants] to plead ignorance about the defendant employee's identity and citizenship when Lowe's was in a position to know that information."). The dismissal of the ABC Defendants has no impact on the Alabama doctors destroying diversity jurisdiction.

## II.    Dismissal of ABC Defendants Does Not Cure Procedural Defects in Removal, Which Require Remand.

Even if complete diversity now existed between the Plaintiffs and defendants, remand is required because removal was procedurally defective. Not only was the removal of this action procedurally defective for failure to file all the necessary documents,[1] but removal of a case in which Oncology Supply and other Alabama citizens were defendants was procedurally defective because 28 U.S.C. § 1441(a) provides that only an action "of which the district courts of the United States have original juirsdiction, may be removed . . . ." 28 U.S.C. § 1441(a).

Even if the Alabama doctor defendants did not destroy diversity jurisdiction altogether, the presence of Oncology Supply, a citizen of Alabama, in the lawsuit destroyed the complete diversity requirement of 28 U.S.C.A. § 1332 at the time the case was filed on May 12, 2006, and removed to federal court on June 14, 2006. Remand thus was appropriate, and the intervening dismissal of that non-diverse defendant does not change that.

It is well-settled that "a removal notice must contain allegations demonstrating complete diversity of citizenship both at the time the action was commenced and at the time of filing the notice of removal." *Wynell Fontaine v. Mentor Corp.,* 2002 WL 32151732, *1 (N.D. Ala. Dec. 4, 2002).

---

[1] *See* Plaintiffs' Motion to Remand, Dkt. 25-1, at 2 (filed 7/17/06); Plaintiffs' Supplement to Motion to Remand, Dkt. 27, at 2 (filed 7/17/06); Plaintiffs' Reply to Defendants' Joint Opposition to Plaintiffs' Motion to Remand, Dkt. 37-1, at 1-15.

Moving Defendants assert that the dismissal of Oncology Supply after the Notice of Removal was filed restores complete diversity and as such makes the case removable to federal court.

In doing so, Defendants mischaracterize the Supreme Court's ruling in *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 117 S. Ct. 467 (1996), for the proposition that "dismissal of the non-diverse defendants after removal cures the original lack of complete diversity at the time of removal and permits the federal court to retain jurisdiction over the case." *Defendants' Supplemental Memorandum Regarding Dismissal of Oncology Supply ("Defendants' Memo")* at 2-3. Indeed, in *Caterpillar*, the Supreme Court specifically held that "[t]he procedural requirements for removal remain enforceable by the federal trial court judges to whom those requirements are directly addressed." 519 U.S. at 77. More recently, in *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 124 S. Ct. 1920 (2004), the Supreme Court clarified that the forgiveness of procedural defects in *Caterpillar* occurred only at the *post-judgment* phase of the case, where considerations of "finality, efficiency, and economy" became more important than statutory compliance. *Id.* at 574. No such considerations are present here, at the beginning of the case, and the procedural defects "remain[] in the unerasable history of the case," 519 U.S. at 73, even after the dismissal of the ABC Defendants.[2]

In *Vasura v. Acands,* 84 F. Supp. 2d 531 (S.D.N.Y.2000), the Court addressed the precise question at bar: "whether post-removal dismissal of the only non-diverse defendant renders valid a notice of removal filed on the basis of diversity." *Id.* at 536. The Court therein thoroughly discussed *Caterpillar* and noted that the Supreme Court in *Caterpillar* "nowhere suggested that the removal

---

[2] Moving Defendants' reliance on *Amazon, Inc. v. Cannondale Corp.*, 2006 WL 650682 (D. Colo. Mar. 10, 2006), which did not involve timely raised procedural defects, ignores this crucial distinction.

4

became any less improper by post-removal achievement of diversity, but instead dealt with the effect on the judgment of the *error* or *initial misjudgment* in failing to remand." *Id.* at 538 (emphasis in original).

In *Caterpillar,* the case was removed to federal court where the district court rejected the plaintiff's argument that diversity was lacking at the time of removal, and refused to remand the case. 519 U.S. at 64. Following the dismissal of the non-diverse defendant, judgment was entered for the remaining defendants. *Id.* The appellate court vacated the judgment, holding that the lack of complete diversity at the time of removal prevented the district court from having subject-matter jurisdiction. *Id.* The Supreme Court then held that "a district court's *error* in failing to remand a case improperly removed is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered." *Id.* (emphasis added).

The *Vasura* court, acknowledging the different issues presented in *Caterpillar* and the case before it, found the *Caterpillar* opinion instructive "because of the Supreme Court's implicit recognition that the district court's failure to remand a case in which diversity was absent at the time of removal constituted 'error', notwithstanding that the non-diverse defendant was dismissed after removal." 84 F. Supp. 2d at 537. The court further stated that "one cannot ignore the Supreme Court's baseline assumption that in the absence of complete diversity *at the time of removal* the failure to remand was error-even though diversity was later attained." *Id.* (emphasis in original).[3]

The Court later opined that "the preferable, if not the required, course of dealing with such

---

[3] Moving Defendants' reliance on *Dale v. First American Nat'l Bank*, 370 F. Supp. 2d 546 (S.D. Miss. 2005), where the district court was concerned with fraudulent joinder issues, *id.* at 551, is also misplaced. There is no suggestion by Moving Defendants that the "fraudulent joinder" exception to the requirement of complete diversity applies to Oncology Supply. *See Vasura*, 84 F. Supp. 2d at 538 n.6.

a case before it has reached the stage of judgment is to remand the case to the state court from which it was improperly removed." *Id.* at 538. The *Vasura* case thus held that "removal on the ground of diversity is not subject to post-hoc justification" and to hold otherwise would "create a new, unwarranted and potentially far-reaching exception to the rule that diversity must exist at the time of removal." *Id.* at 537-38.[4]

Accordingly, the post-removal dismissal of Oncology Supply does not render the defendants' improvident and improper removal subsequently valid. Complete diversity did not exist either at the time the complaint was filed in state court or at the time of removal. Indeed, the presence of the Alabama doctor defendants defeats diversity still.

Since this case still fails to satisfy the requirements of 28 U.S.C.A. §§ 1331 or 1332, remand is appropriate. To find otherwise would essentially discourage stipulations of dismissal when there would be jurisdictional consequences - an outcome none of the cited cases envisions.

Respectfully submitted

/s/ Pamela B. Slate
Pamela B. Slate (ASB-8938-A43P)
pslate@slatekennedy.com
SLATE KENNEDY LLC
166 Commerce Street, Suite 350
Montgomery, AL 36104
Telephone:    (334) 262-3300
Facsimile:    (334) 262-3301

---

[4] Defendants' further reliance on the U.S. District Court for the Eastern District of Louisiana's decision in *Weaver v. Murry,* 2006 WL 1968912 (E.D. La. June 21, 2006) is misplaced. In *Weaver,* defendants moved for the dismissal of defendant White, a non-diverse party, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (for lack of service) as well as improper joinder. Again, upon the dismissal of the White defendant, only diverse parties remained. *Id.* Because complete diversity had been obtained in that case through a subsequently discovered error that existed at the time of removal, i.e., lack of service, the court denied remand. The case is distinguishable from the present case insofar as one of the non-diverse defendants here was dismissed pursuant to a stipulation, which did not exist at the time of removal.

Kimberly R. West (ASB-2419-E65K)
kw@wallacejordan.com
**WALLACE, JORDAN, RATLIFF & BRANDT, LLC**
P.O. Box  530910
Birmingham, AL 35298
Telephone:     (205) 870-0555
Facsimile:     (205) 871-7534

Donald E. Haviland, Jr.
haviland@havilandlaw.com
**THE HAVILAND LAW FIRM, LLC**
740 South Third Street, Third Floor
Philadelphia, PA 19147
Telephone:     (215) 609-4661
Facsimile:     (215) 392-4400

**ATTORNEYS FOR PLAINTIFFS**
**BLUE CROSS AND BLUE SHIELD OF ALABAMA AND**
**BLUE CROSS AND BLUE SHIELD OF MICHIGAN**

7

## CERTIFICATE OF SERVICE

I hereby certify that on this date, February 14, 2007, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Alabama, using the CM/ECF system, which will send notification of such filing to the following:

### COUNSEL FOR DEFENDANT TAP PHARMACEUTICAL PRODUCTS, INC.

Tabor Robert Novak, Jr., Esquire
Ball Ball Matthews & Novak PA
P.O. Box 2148
Montgomery, AL 36102-2148
Telephone:      (334) 387-7680
Facsimile:      (334) 387-3222
tnovak@ball-ball.com

Daniel Edward Reidy, Esquire
Jones Day
77 West Wacker Drive
Chicago, IL 60601-1692
Telephone:      (312) 269-4140
Facsimile:      (312) 782-8585
dereidy@jonesday.com

James R. Daly, Esquire
Jones Day
77 West Wacker Drive
Chicago, IL 60601-1692
Telephone:      (312) 782-4141
Facsimile:      (312) 782-8585
jrdaly@jonesday.com

### COUNSEL FOR DEFENDANT ABBOTT LABORATORIES

Robert A. Huffaker, Esquire
Rushton Stakely Johnston & Garrett PC
P.O. Box 270
Montgomery, AL 36101-0270
Telephone:      (334) 206-3100
Facsimile:      (334) 262-6277
rah@rsjg.com

Erik W. Snapp, Esquire
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone:      (312) 558-5600
Facsimile:      (312) 558-5700
esnapp@winston.com

George Carter Lombardi, Esquire
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone:      (312) 558-5969
Facsimile:      (312) 558-5700
glombardi@winston.com

8

**COUNSEL FOR DEFENDANTS TAKEDA AMERICA HOLDINGS, INC.**
**and**
**TAKEDA PHARMACEUTICAL COMPANY LIMITED**

Joseph C. Espy, III, Esquire
Melton Espy & Williams, PC
P.O. Drawer 5130
Montgomery, AL 36103-5130
Telephone:    (334) 263-6621
Facsimile:    (334) 263-7252
jespy@mewlegal.com

Nada Djordjevic, Esquire
Jenner & Block LLP
One IBM Plaza
330 North Wabash Avenue
Chicago, IL 60611
Telephone:    (312) 222-9350
Facsimile:    (312) 840-7305
ndjordjevic@jenner.com

Robert R. Stauffer, Esquire
Jenner & Block LLP
One IBM Plaza
330 North Wabash Avenue
Chicago, IL 60611
Telephone:    (312) 923-2905
Facsimile:    (312) 840-7305
rstauffer@jenner.com

Thomas P Sullivan, Esquire
Jenner & Block, LLP
One IBM Plaza
330 North Wabash Avenue
Chicago, IL 60611
Telephone:    (312) 923-2928
Facsimile:    (312) 840-7305
tsullivan@jenner.com

/s/ Pamela B. Slate
Pamela B. Slate (ASB-8938-A43P)
pslate@slatekennedy.com
SLATE KENNEDY LLC
166 Commerce Street, Suite 350
Montgomery, AL 36104
Telephone:    (334) 262-3300
Facsimile:    (334) 262-3301

9